Ricky L. ROBIE, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 89–42.

United States Court of Veterans Appeals.

Argued Sept. 17, 1991.

Decided Dec. 11, 1991.

Eric L. Siegel, with whom Barton F. Stichman, Gershon M. Ratner, Ruth Eisenberg, and Valencia Rainey, Washington, D.C., were on the brief, for appellant.

John D. McNamee, with whom Raoul L. Carroll, General Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, Jacqueline E. Monroe, and Dean E. Sharp, Washington, D.C., were on the brief, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Ricky L. Robie, appeals an August 7, 1989, Board of Veterans' Appeals (BVA or Board) decision which denied an increased rating for residuals of fractures of the fifth, sixth and seventh dorsal vertebrae with midthoracic and lumbar scoliosis. We affirm the BVA decision.

Appellant served in the Army between 1973 and 1974. During his service, appellant was involved in an automobile accident which, although it was not discovered at the time, resulted in fractures of vertebrae in his back. In 1976, the Veterans' Administration (now the Department of Veterans Affairs) (VA) granted appellant service connection and a 10% rating for his fractured vertebrae. In 1981, appellant filed for an increased rating. Another 10% rating was granted for scoliosis of the spine found to be caused by his service-connected fractures of the spinal vertebrae.

In 1986, appellant requested that his back condition be reevaluated. The VA Regional Office (RO) denied his claim for an increased evaluation in May 1986 after a VA examination. Appellant pursued an appeal which culminated in a BVA decision on July 2, 1987. That decision stated:

> Entitlement to service connection for muscular contractional headaches is not established. Entitlement to service connection for L5 radiculopathy with degenerative changes of the lumbosacral spine is not established. Entitlement to an increased evaluation for residuals of fracture, 5th, 6th, and 7th dorsal vertebrae with midthoracic and lumbar scoliosis is not established.

In February 1989, appellant attempted to reopen his claim stating "[M]y disabilities have become worse ... I believe that my most recent visit to the Hospital will indicate new and material evidence." The outpatient reports referred to were from a January 1989 visit to a VA hospital for treatment of a stomach problem. The only references to appellant's back problem were several comments on the forms relating a history of "back pain due to ? ... back pain chronic unchanged not [unreadable] Hx[history] of scoliosis and L5–S1 disc disease ... DJD [Degenerative Joint Disease]—LBP [Lower Back Pain] stable." No VA physical examination was done. The RO denied his claim for a rating increase. Appellant filed a Notice of Disagreement. In the Statement of the Case, the reasons for the decision were:

> The recent medical evidence does not suggest that the low back pain is associated with the service connected scoliosis, as opposed to a condition for which ser-

vice connection has not been established, such as degenerative changes of the lumbar spine or possible degenerative disc disease. In the board's judgement, the current 20% evaluation, which contemplates slight limitation of motion of the lumbar spine and the thoracic vertebral body deformities, accurately reflect[s] the degree of impairment.

Appellant submitted a VA Form 1–9 on April 24, 1989, which stated in part: "I ... believe that over the years, 'Degenerative Joint Disease' and the narrowing between my disc plus arthritis is all caused from and related to my [service-connected fractured vertebrae and scoliosis] condition."

On August 7, 1989, the BVA issued a decision. In the Discussion and Evaluation section, the Board stated:

During the 1986 VA examination the veteran had only a slight limitation of motion, with flexion to 85 degrees. His scoliosis was considered mild and the examiner commented that it was not likely to progress. More recent records show little change in the veteran's service-connected back disorder. In fact, in February 1989 his condition was noted to be stable. Moreover, it appears that the veteran's symptoms are attributable, in part, to a nonservice-connected back disorder. The objective clinical evidence does not show findings of such severity as to warrant an evaluation in excess of 20 percent.

*Ricky L. Robie*, BVA 90–07905 (Aug. 7, 1989). Appellant filed a timely Notice of Appeal to this Court.

## ANALYSIS

The Veterans' Judicial Review Act (Act) grants the Court jurisdiction to review BVA decisions in which a Notice of Disagreement was filed under 38 U.S.C. § 7105 (formerly § 4005) on or after November 18, 1988. *See* Pub.L. No. 100–687, § 402 (1988). Prior to the Act, there was a statutory bar to judicial review of BVA decisions. 38 U.S.C. § 211(a) (1988). This means that the 1987 BVA decision in this case is a *final* decision and may not be reviewed by this Court.

Once a claim has been disallowed by the Board, a claim on the same factual basis may not be considered. 38 U.S.C. § 7104(b) (formerly § 4004(b)). "A claimant may have a claim reopened and reconsidered on the merits only upon the submission of new and material evidence." *Thompson v. Derwinski*, 1 Vet.App. 251, 253 (1991); 38 U.S.C. § 5108 (formerly § 3008).

In this case, appellant submitted January 1989 outpatient treatment records as "new and material" evidence. Evidence is considered new when it is not merely cumulative of other evidence on the record, and is considered material when it is relevant and probative of the issue at hand and there is a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome. *Colvin v. Derwinski*, 1 Vet.App. 171, 173–174 (1991). Under the *Colvin* definition, the outpatient records were not material.

While appellant initially claimed before this Court that he had reopened with "new and material" evidence, appellant conceded that the outpatient records were not "new and material" in his Reply Brief. However, appellant maintains that "[t]he only logical conclusion from the fact that he reopened his claim for service connection for DJD with little new evidence and repeatedly 'clarified' that the VA has failed to 'understand' his condition for many years is that he was challenging those prior rating decisions" as containing clear and unmistakable error. Appellant's Reply Brief at 12. The Court concludes otherwise.

"Clear and unmistakable error is an administrative failure to apply the correct statutory and regulatory provisions to the correct and relevant facts: it is not mere misinterpretation of facts." *Oppenheimer v. Derwinski*, 1 Vet.App. 370, 372 (1991). *See also Thompson*, 1 Vet.App. at 253–254. There was no allegation by the appellant that the rating board or the BVA failed to apply the correct statutory and regulatory provisions or that they did not have the relevant and correct facts before them in

1987. He simply disagrees with the conclusion of the 1987 Board panel that he was not entitled to service connection for his DJD. Where the sole basis for the veteran's appeal of a final BVA decision is a disagreement (either by the appellant or the Court) with the original rating and its interpretation of facts, this Court will not conveniently find an "administrative" error as a method of reviewing a BVA decision we could not otherwise review. *Id.* 1 Vet. App. at 254.

Accordingly, the August 7, 1989, BVA decision is AFFIRMED.