**Wayne A. GUETTI, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–79.**

United States Court of Veterans Appeals.

Aug. 10, 1992.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, veteran Wayne A. Guetti, appeals from an August 10, 1989, Board of Veterans' Appeals (BVA or Board) decision denying service-connected disability compensation for scoliosis. The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). Because the Court finds that the Board failed to provide an adequate statement of the reasons or bases for its findings and conclusions, the Secretary's

motion will be denied, and the Board's decision will be vacated and the record remanded.

The veteran served on active duty in the United States Marine Corps from July 1959 to August 1963. R. at 1. No back disorders were noted on his entrance examination. R. at 4–5. However, at an examination conducted two weeks later the veteran was diagnosed with scoliosis—a lateral curvature of the spine (WEBSTER'S MEDICAL DESK DICTIONARY 642 (1986)). R. at 6. No back disorders were noted on his separation physical examination. R. at 31–33. The veteran seeks service-connected disability compensation for aggravation of his scoliosis in service. R. at 41.

Service-connected disability compensation may be granted for personal injuries suffered or diseases contracted in the line of duty, or for aggravation of a preexisting injury suffered or disease contracted in the line of duty. 38 U.S.C. § 1131 (formerly § 331); 38 C.F.R. § 3.303(a) (1991). "Congenital or developmental defects ... are not diseases or injuries within the meaning of applicable legislation." 38 C.F.R. § 3.303(c) (1991); *see also* 38 C.F.R. § 4.9 (1991). In its August 10, 1989, decision, the Board concluded that the veteran's scoliosis was a developmental defect, and, thus, in applying section 3.303(c), the Board implicitly concluded that he was not accorded the presumption of aggravation given to veterans by 38 U.S.C. § 1153 (formerly § 353) and 38 C.F.R. § 3.306(b) (1991).

However, in its "DISCUSSION AND EVALUATION", the Board did not provide support for its finding that the veteran's scoliosis was a developmental defect. Instead, it simply stated: "In this case, the scoliosis, noted right after entry into service, is a developmental defect. As such, it pre-existed entry into service and is not a disease for which compensation benefits may be paid." *Wayne A. Guetti,* BVA 89-____, at 3 (Aug. 10, 1989). The Board did not point to any evidence in the record to support its "CONCLUSION" that the veteran's scoliosis "is a developmental defect". *Ibid.* This lack of analysis in the Board's decision

makes it impossible for the Court to carry out meaningful review of the Board's decision or for the appellant to understand its rationale, and, thus, its statement of the reasons or bases for its decision is inadequate. 38 U.S.C. § 7104(d)(1) (formerly § 4004); *see Sammarco v. Derwinski*, 1 Vet.App. 111, 113 (1991) ("BVA's decision must express findings with sufficient detail and clarity to achieve two critical purposes: to inform the claimant and to make meaningful review by this Court possible"); *see also Hanson v. Derwinski*, 1 Vet.App. 512, 518 (1991); *Hatlestad v. Derwinski*, 1 Vet. App. 164, 168 (1991); *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990) ("bare conclusory statement, without both supporting analysis and explanation, is neither helpful to the veteran, nor 'clear enough to permit effective judicial review', nor in compliance with statutory requirements").

■ Findings of the Board which rest only "upon 'generally accepted medical principles' [do] not accord with *Colvin's* prescription [*Colvin v. Derwinski*, 1 Vet. App. 171, 175 (1991)] for an adequate statement of reasons or bases." *Sussex v. Derwinski*, 1 Vet.App. 526, 529 (1991). The onset of scoliosis may be caused by different factors. *See Robie v. Derwinski*, 1 Vet.App. 612, 613 (1991) (affirming "10% [disability] rating ... granted for scoliosis of the spine found to be caused by [veteran's] service-connected fractures of the spinal vertebrae"). Although the veteran seems willing to concede that his scoliosis was a congenital or developmental defect, that does not eliminate the Board's obligation to support its conclusions with independent medical evidence when the record does not provide adequate support for its conclusions. "BVA panels may consider only independent medical evidence to support their findings. If the medical evidence of record is insufficient, or, in the opinion of the BVA, of doubtful weight or credibility, the BVA is always free to supplement the record by seeking an advisory opinion, ordering a medical examination or [quoting] recognized medical treatises in its decisions that clearly support its ultimate conclusions." *Colvin*, 1 Vet.App. at 175; *see Hatlestad v. Derwinski*, 3 Vet.App. 213, 217 (1992) (amplifies *Colvin* by requiring that medical treatises be *quoted* rather than merely cited).

With respect to the question of aggravation of a preexisting injury, particularly as it involves application of 38 C.F.R. § 3.306(b), the Board's consideration, on remand, may be affected by the decision in another case currently pending before the Court, *Guerrieri v. Derwinski*, U.S.Vet. App. No. 90–679 (Notice of Appeal filed July 20, 1990). In *Guerrieri*, a panel of this Court ordered the parties to brief the issue of whether section 3.306(b) is a valid regulatory exercise of the Secretary's statutory authority in light of the provisions of 38 U.S.C. § 1111 (formerly § 311). *Guerrieri* (order of Mar. 17, 1992). To the extent that the *Guerrieri* decision, if made prior to the completion of readjudication by the Board in this case, resolves issues as to the validity, meaning, and application of section 3.306(b), it would likely govern any application of that regulatory provision by the BVA on remand in the present case. *See Tobler v. Derwinski*, 2 Vet.App. 8 (1991).

Upon consideration of the record, the Secretary's motion for summary affirmance, and the appellant's informal brief, the Court holds that the BVA has failed to state adequately, pursuant to 38 U.S.C. § 7104(d)(1) and the analysis in *Gilbert*, the reasons or bases for its decision. On remand, the Board shall reexamine the evidence of record, seek additional evidence as necessary, and issue a well-supported decision. *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). Accordingly, the August 10, 1989, BVA decision is vacated, the Court retains jurisdiction, and the record is remanded to the Board for prompt readjudication and disposition in accordance with this decision. The Secretary shall file with the Clerk (as well as serve upon the appellant) a copy of any Board decision on remand. Within 14 days after filing of a final such decision, the appellant shall notify the Clerk whether he desires to seek further review by the Court.

VACATED AND REMANDED.