IVERS, Judge,
concurring:
The procedural history of this appeal, particularly as depicted by the orders for supplemental pleadings, is indicative of the developing nature of the law in the wake of the enactment of the VCAA. We have now considered and opined regarding the statutory amendments made by the VCAA for more than a year. This Court has a duty to make decisions upon proceedings before the Court “as quickly as practicable,” 38 U.S.C. § 7267(a). As we fulfill that duty in this post-VCAA era, the Court should move toward dispositions of appeals in light of the entire body of veterans law without an unnecessarily sharp focus on the effect of the VCAA.
Viewing the VCAA in the context in which it was written and debated by Congress exposes the limits of its scope. This Court’s opinion in Morton v. West, 12 Vet.App. 477 (1999), spurred Congress into action toward the eventual VCAA. See, e.g., 146 Cong. Rec. S9211-12 (daily ed. Sep. 25, 2000) (statements of Senators Specter and Rockefeller). The Morton decision included the following text:
This Court and the Federal Circuit have interpreted 38 U.S.C. § 5107 as conditioning the Secretary’s duty to “assist ... in developing the facts pertinent to the claim” upon the submission by the claimant of [a] well-grounded claim.... [N]either the Secretary nor this Court is free to ignore a condition precedent established by Congress. Congress, of course, can choose to change or eliminate the well-grounded requirement altogether. Indeed, it is possible that after evaluating such considerations as fairness, equity, and the personnel, facility, and financial expenditures which would be required, Congress might well opt for requiring the Secretary to assist and examine all veterans, regardless of whether well-grounded claims have been submitted. But that balancing process is the responsibility of the legislative branch, not this Court. It is our responsibility to interpret existing law and to apply it to the record before us.
Morton, 12 Vet.App at 485-86. The VCAA expressly referenced “the Morton Case,” and required the Secretary to read-judicate claims that were denied or dismissed as not well grounded, when those decisions had become final in the period between that date of the decision in Morton and the date of enactment of the VCAA. See 38 U.S.C. § 5107 note (2000) (Effective and Applicability Provisions).
In the VCAA, Congress removed from section 5107 the previous requirement that claims for veterans’ benefits be well grounded. The effect of the removal was to trigger the Secretary’s duty to assist claimants at the time a claim is received, rather than at the time it is determined that a claim is well grounded. Congress did not expand the substantive nature of the duty to assist, but simply stepped up its chronological occurrence, and shifted the codification of that duty to a new section 5103A. See also 66 Fed.Reg. 45620, 45630-32 (2001) (to be codified at 38 C.F.R. § 3.159). Section 5103A provides *370 more detail of the Secretary’s duty to assist than the prior codification, and recognizes the limits of that duty as set forth in the case law of this Court. See 38 U.S.C. § 5103A(a) (indicating Secretary’s discretionary authority in performing the duty to assist); Gobber v. Derwinski, 2 Vet.App. 470, 472 (1992); Wood v. Derwinski, 1 Vet.App. 190, 193 (1991); see also Duty to Assist, Supplementary Information, 66 Fed.Reg. 45620, 45622-24 (2001).
The Court must recognize the limits of the duty to assist when deciding matters on appeal. It is the duty of this Court to interpret “statutory! ] and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary.” 38 U.S.C. § 7261(a)(1). Determining whether an action of the Secretary, and of the Board, squares with the Court’s interpretation of the post-VCAA statutory and regulatory provisions is within the authority of the Court. The Court has the power to, as the majority herein does, determine that the duties pronounced by the VCAA are not applicable in certain cases. See Burris v. Principi, 15 Vet.App. 348, -, slip op. at 9 (2001) (Farley, J., concurring).