Citation Nr: 1104834 
Decision Date: 02/07/11 Archive Date: 02/14/11

DOCKET NO. 09-00 763 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Seattle, 
Washington

THE ISSUES

1. Entitlement to service connection for bilateral hand tremors.

2. Entitlement to service connection for a hiatal hernia or 
gastroesophageal reflux disease (GERD).

REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the 
United States

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

K. Osegueda, Associate Counsel

INTRODUCTION

The Veteran served on active duty from October 1963 to October 
1966 with service in the Republic of Vietnam from May 1964 to May 
1965.

These matters come before the Board of Veterans' Appeals (Board) 
on appeal from a January 2008 rating decision by the Seattle, 
Washington, Regional Office (RO) of the Department of Veterans 
Affairs (VA) which, in pertinent part, denied service connection 
for bilateral hand tremors and hiatal hernia or GERD.

In August 2010, the Veteran provided testimony at a Travel Board 
hearing held before the undersigned Veterans Law Judge at the RO. 
A transcript of the hearing has been associated with the claims 
folder.

The issues of (1) entitlement to service connection for 
diabetes mellitus, type 2, to include as secondary to 
herbicide exposure; (2) entitlement to service connection 
for peripheral neuropathy of the upper extremities; and 
(3) whether new and material evidence has been submitted 
to reopen a claim of entitlement to service connection for 
peripheral neuropathy of the lower extremities (bilateral 
feet and legs), have been raised by the record, but have 
not been adjudicated by the Agency of Original 
Jurisdiction (AOJ). Therefore, the Board does not have 
jurisdiction over them, and they are referred to the AOJ 
for appropriate action. 

The appeal is REMANDED to the RO via the Appeals Management 
Center (AMC), in Washington, DC. VA will notify the appellant if 
further action is required.

REMAND

As an initial matter, the provisions of the Veterans Claims 
Assistance Act of 2000 (VCAA), codified at 38 C.F.R. §§ 3.102, 
3.156(a), 3.159, 3.326(a), and as interpreted by the United 
States Court of Appeals for Veterans Claims (the Court), are 
applicable to this appeal. The RO provided the Veteran with VCAA 
notice as to all elements of the claims in correspondence dated 
in April 2007 and July 2007. In the correspondence, the RO 
notified him of how VA determines the disability rating and 
effective dated when a disability is found to be connected to 
service. See Dingess v. Nicholson, 19 Vet. App. 473 (2006).

During the August 2010 Travel Board hearing, the Veteran 
indicated that he was in receipt of Social Security 
Administration (SSA) disability benefits, based on the severity 
of his non-service connected back and osteoporosis disabilities. 
Here, the Board finds that the SSA records are not relevant to 
these claims, because he is receiving SSA disability benefits for 
his back disabilities and not for bilateral hand tremors or a 
hiatal hernia or GERD. See Golz v. Shinseki, 590 F.3d 1317 
(2010), citing McGee v. Peake, 511 F.3d 1352, 1357 (Fed. Cir. 
2008); Murinscak v. Derwinski, 2 Vet. App. 363, 370 (1992). 
Accordingly, there is no prejudice to the Veteran in not 
obtaining such records. There has been no argument that the SSA 
records are pertinent to the claims being adjudicated in this 
decision as to require that additional adjudication resources be 
expended to obtain these records. See 38 U.S.C.A. 
§ 5103A(b),(c); Baker v. West, 11 Vet. App. 163, 169 (1998); 
Grivois v. Brown, 6 Vet. App. 136, 139 (1994); Gobber v. 
Derwinski, 2 Vet. App. 470, 472 (1992).

On August 31, 2010, VA published the final regulation 
establishing a presumption of service connection for Parkinson's 
disease. A review of the claims folder reflects that as recently 
as March 2010, VA outpatient treatment records have suggested the 
possibility that the Veteran's essential tremors may actually be 
Parkinson's disease. Thus, further development is required.

Subsequent to the March 2010 supplemental statement of the case 
(SSOC) regarding the service connection claims for tremors and a 
hiatal hernia or GERD, the Veteran submitted a statement from his 
brother dated June 2010, and statements concerning his tremors 
and GERD in August 2010 and copies of internet articles about 
GERD. Since an SSOC has not been issued that addresses this 
additional evidence, the issues must be remanded for 
readjudication and the issuance of an SSOC that considers the 
additional medical evidence received since June 2010. 

Accordingly, the case is REMANDED for the following actions:

1. The RO should contact the Veteran and 
obtain the names and addresses of all 
medical care providers, VA and non-VA that 
treated him for bilateral hand tremors and 
a hiatal hernia or GERD since March 2010. 
After the Veteran has signed the 
appropriate releases, those records should 
be obtained and associated with the claims 
folder. All attempts to procure records 
should be documented in the file. If the 
RO cannot obtain records identified by the 
Veteran, a notation to that effect should 
be inserted in the file. The Veteran and 
his representative are to be notified of 
unsuccessful efforts in this regard, in 
order to allow the Veteran the opportunity 
to obtain and submit those records for VA 
review.

2. The Veteran should be afforded a VA 
neurology examination to evaluate his 
essential tremors. All indicated tests and 
studies are to be performed. Prior to the 
examination, the claims folder and a copy 
of this remand must be made available to 
the physician for review of the case. A 
notation to the effect that this record 
review took place should be included in the 
report of the examiner. Based on a review 
of the record, examination of the Veteran 
(with appropriate testing performed), and 
applying sound medical principles, the 
examiner is requested to provide an opinion 
as to whether the Veteran has Parkinson's 
disease. If he does not, the examiner is 
requested to provide an opinion as to the 
etiology of the essential tremors. If the 
examiner opines that the question cannot be 
resolved without resorting to speculation, 
then a detailed medical explanation as to 
why this is so (why is the causation 
unknowable?), must be provided. A complete 
and sustainable rationale is to be provided 
for any opinion rendered. 

3. The Veteran must be given adequate 
notice of the date and place of any 
requested examination. A copy of all 
notifications, including the address where 
the notice was sent must be associated 
with the claims folder. The Veteran is to 
be advised that failure to report for a 
scheduled VA examination without good 
cause shown may have adverse effects on 
his claim.

4. After ensuring that the development is 
complete, re-adjudicate the claims for 
service connection for bilateral hand 
tremors and service connection for a 
hiatal hernia or GERD. If the claims 
remain denied, issue a SSOC before 
returning the claims to the Board, if 
otherwise in order.

The appellant has the right to submit additional evidence and 
argument on the matter or matters the Board has remanded. 
Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals for 
Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. 
§§ 5109B, 7112 (West Supp. 2010).

_________________________________________________
RENÉE M. PELLETIER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a decision 
of the Board on the merits of your appeal. 38 C.F.R. 
§ 20.1100(b) (2010).