Citation Nr: 1536802 
Decision Date: 08/28/15 Archive Date: 09/04/15

DOCKET NO. 09-46 833A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement dependency and indemnity compensation (DIC) benefits based upon service connection for the cause of the Veteran's death. 

2. Entitlement to accrued benefits.


ATTORNEY FOR THE BOARD

Patrick J. Costello, Counsel 



INTRODUCTION

The Veteran served on active duty from July 1942 to February 1943, and from February 1943 to April 1946. He died in December 2006; the appellant is the Veteran's officially recognized common-law wife. 

This matter comes before the Board of Veterans' Appeals, hereinafter the Board, on appeal from a July 2008 letter decision issued by the Department of Veterans' Affairs (VA) Regional Office (RO) in Houston, Texas. 


FINDINGS OF FACT

1. The Veteran died in December 2006; his certificate of death indicated that the Veteran's causes of death included septic shock, pneumonia, acute renal failure, and double mitral lesion.

2. At the time of his death, the Veteran was not service-connected for any disorder, disability, or disease. He was, however, in receipt of a nonservice-connected pension. 

3. The Veteran's included septic shock, pneumonia, acute renal failure, and double mitral lesion were not the result of an in-service disease or injury. 

4. At time of death there were no claims pending and no amount that was due and unpaid.



CONCLUSIONS OF LAW

1. Entitlement to DIC based upon service connection for the cause of the Veteran's death is not warranted. 38 U.S.C.A. § 1310 (West 2014); 38 C.F.R. § 3.312 (2014). 

2. The legal criteria for accrued benefits are not met. 38 U.S.C.A. § 5121 (West 2014); 38 C.F.R. § 3.1000 (2014). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. VA's Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). 

Proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; (3) that the claimant is expected to provide; and (4) must ask the claimant to provide any evidence in her or his possession that pertains to the claim. 38 U.S.C.A. § 5103(a) (West 2014); C.F.R. § 3.159(b)(1) (2014). VCAA notice should be provided to a claimant before the initial unfavorable agency of original jurisdiction (AOJ) decision on a claim. Pelegrini v. Principi, 18 Vet. App. 112 (2004). In addition, the notice requirements of the VCAA apply to all elements of a service-connection claim, including the degree of disability and the effective date of the disability. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). Further, this notice must include information that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded. Id. at 486. 

VCAA notice must be provided prior to an initial unfavorable decision on a claim by the RO. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004). Where complete notice is not timely accomplished, such error may be cured by issuance of a fully compliant notice, followed by readjudication of the claim. See Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); see also Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006).

In the context of a claim for DIC benefits, § 5103(a) notice must include (1) a statement of the conditions, if any, for which a veteran was service connected at the time of his or her death; (2) an explanation of the evidence and information required to substantiate a DIC claim based on a previously service-connected condition; and (3) an explanation of the evidence and information required to substantiate a DIC claim based on a condition not yet service connected. Hupp v. Nicholson, 21 Vet. App. 342, 352-53 (2007). 

While there are particularized notice obligations with respect to a claim for DIC benefits, there is no preliminary obligation on the part of VA to conduct a predecisional adjudication of the claim prior to providing a § 5103(a)-compliant notice. Vazquez-Flores v. Shinseki, 580 F.3d 1270 (Fed. Cir. 2009).

Here, the appellant was sent a letter dated in April 2008 that provided information as to what evidence was required to substantiate the claim and of the division of responsibilities between VA and a claimant in developing an appeal. The letter also explained what type of information and evidence was needed to establish a disability rating and effective date. The letter informed her of the disability that was service connected at the time of the Veteran's death, which was none, and the evidence needed to substantiate entitlement to DIC based on that disability and included an attachment describing in general other ways and evidence that could substantiate entitlement to DIC based on service connection for the cause of death. Accordingly, no further development is required with respect to the duty to notify.

Next, VA has a duty to assist the appellant in the development of the claim. This duty includes assisting in the procurement of service treatment records and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159; see DeLarosa v. Peake, 515 F.3d 1319 (Fed. Cir. 2008).

In this case, the appellant has advanced no specific contentions as to how the cause of the Veteran's death is related to his service and there is no other evidence suggesting a relationship between these events. Absent any evidence of a possible relationship between the cause of death and service, a medical opinion could not substantiate entitlement to DIC based on service connection for the cause of death. 

The Board would further note that not only has the appellant not advanced any specific contentions as to how the Veteran's death was related to service, she also has not provided any information concerning any medical treatment the Veteran may have received prior to his death. The appellant was asked to provide this information in the April 2008 letter to her from the RO but no further information, including the names and locations of medical care facilities, has been forthcoming from the appellant. The "duty to assist is not always a one-way street," and the appellant has an obligation to actively participate in the retrieving of any information/documents pertinent to her claim. Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). Accordingly, VA adjudication of the claim may go forward without a subsequent request for any additional (and unknown) records. See Gobber v. Derwinski, 2 Vet. App. 470, 472 (1992) (the "'duty to assist' is not a license for a 'fishing expedition' to determine if there might be some unspecified information which could possibly support a claim . . . [and] this duty is limited to specifically identified documents that by their description would be facially relevant and material to the claim"). 

All necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the appellant. See Bernard v. Brown, 4 Vet. App. 384 (1993). For the above reasons, no further notice or assistance to the appellant is required to fulfill VA's duty to assist the appellant in the development of the claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd, 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); see also Quartuccio v. Principi, 16 Vet. App. 183 (2002).

II. Laws, Regulations, and Discussion

Entitlement to DIC on the basis of service connection for the cause of death is decided in accordance with the criteria for determining service connection in general that are contained in Chapter 11 of 38 U.S.C.A (West 2014). 38 U.S.C.A. § 1310(a). Service connection will be established for disability resulting from personal injury suffered or disease contracted in line of duty. 38 C.F.R. § 1110. Regulations provide that service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Dependency and indemnity compensation (DIC) may be awarded to a surviving spouse upon the service connected death of a veteran, with service connection determined according to the standards applicable to disability compensation. 38 U.S.C.A. § 1310; 38 C.F.R. § 3.5(a). 

The death of a veteran will be considered as having been due to a service-connected disability when the evidence establishes that such disability was either the principal or a contributory cause of death. 38 C.F.R. § 3.312(a). A service connected disability will be considered as the principal (primary) cause of death when such disability, singly or jointly with some other condition, was the immediate or underlying cause of death or was etiologically related. 38 C.F.R. § 3.312(b). 

A contributory cause of death is inherently one not related to the principal cause. 38 C.F.R. § 3.312(c)(1). In determining whether the service-connected disability contributed to death, it must be shown that it contributed substantially or materially; that it combined to cause death; that it aided or lent assistance to the production of death. Id. It is not sufficient to show that it casually shared in producing death, but rather it must be shown that there was a causal connection. Id. 

Generally, minor service-connected disabilities, particularly those of a static nature or not materially affecting a vital organ, would not be held to have contributed to death primarily due to unrelated disability. 38 C.F.R. § 3.312 (c)(2). In the same category are service-connected disease or injuries of any evaluation (even though evaluated as 100 percent disabling) but of a quiescent or static nature involving muscular or skeletal functions and not materially affecting other vital body functions. Id. 

Service connected diseases or injuries involving active processes affecting vital organs should receive careful consideration as a contributory cause of death, the primary cause being unrelated, from the viewpoint of whether there were resulting debilitating effects and general impairment of health to an extent that would render the person materially less capable of resisting the effects of other disease or injury primarily causing death. 38 C.F.R. § 3.312(c)(3). There are primary causes of death which by their very nature are so overwhelming that eventual death can be anticipated irrespective of coexisting conditions, but, even in such cases, there is for consideration whether there may be a reasonable basis for holding that a service connected condition was of such severity as to have a material influence in accelerating death. 38 C.F.R. § 3.312(c)(4). In this situation, it would not generally be reasonable to hold that a service-connected condition accelerated death unless such condition affected a vital organ and was of itself of a progressive or debilitating nature. Id. 

It is the Board's responsibility to evaluate the entire record on appeal. 38 U.S.C.A. § 7104(a). When there is an approximate balance in the evidence regarding the merits of an issue material to the determination of the matter, reasonable doubt will be resolved in each such issue in favor of the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. An appellant need only demonstrate that there is an approximate balance of positive and negative evidence in order to prevail. To deny a claim on its merits, the evidence must preponderate against the claim. Gilbert v. Derwinski, 1 Vet. App. 49 (1990); Alemany v. Brown, 9 Vet. App. 518 (1996).

In this case, the Veteran's immediate cause of death, as demonstrated by his Brazilian Certificate of Death, was septic shock, pneumonia, acute renal failure, and double mitral lesion. At the time of his death, the Veteran was not service-connected for any of these disabilities, disorders, or diseases. Moreover, at the time of his death, the Veteran was not service-connected for any disabilities, disorders, or diseases. He was, however, in receipt of a nonservice-connected pension. 

There is no evidence that the Veteran was suffering from any of the conditions noted on the death certificate while he was on active duty or within one year of his discharge from service in 1946. There is no reported evidence of symptoms relating back to service, or of any competent opinion otherwise relating the fatal conditions to service; hence a continuity of symptomatology has not been shown. See 38 C.F.R. § 3.303(b). 

The appellant has contended that the Veteran's death should be service-connected, but has not provided any specific contentions as to how the causes of death are related to service. In other words, she has not provided any probative evidence. Additionally, there is no other probative evidence that the cause of death was otherwise caused by a service connected disease or disability, or that a condition that should be service-connected contributed to the causes of the Veteran's death. Absent such evidence, VA cannot grant the benefit sought. As the preponderance of the evidence is against the appellant's claim, the benefit-of-the-doubt doctrine is inapplicable, and the claim must be denied. 38 U.S.C.A. § 5107 (b); 38 C.F.R. § 3.102. 


Accrued

Accrued benefits are benefits to which a payee was entitled at his or her death, based on evidence on file at the date of death, and due and unpaid, and may be paid to certain survivors, as provided by law. 38 U.S.C.A. § 5121 (West 2014); 38 C.F.R. § 3.1000 (2014). For a claimant to prevail on an accrued benefits claim, the record must show that: 

(i) the appellant has standing to file a claim for accrued benefits, 
(ii) the payee had a claim pending at the time of death, 
(iii) the payee would have prevailed on the claim if he or she had not died; and 
(iv) the claim for accrued benefits was filed within one year of the payee's death. 

38 U.S.C.A. §§ 5121, 5101(a) (West 2014); 38 C.F.R. § 3.1000 (2014); Jones v. West, 136 F.3d 1299 (Fed. Cir. 1998). Evidence in the file at the date of death means evidence in VA's possession on or before the date of the beneficiary's (in the instant case, the service member's) death, even is such evidence was not physically located in the VA claim file on or before the date of death. See 38 C.F.R. § 3.1000(d)(4) (2013).

The Board notes that the appellant originally submitted a claim for accrued benefits in July 2007, within one year of the Veteran's death. The RO subsequently denied her claim for accrued benefits and informed her that at the time of the Veteran's death, there were no pending claims. 

Our review that prior claims had been resolved and at time of death, there were no claims pending. In addition, we can discern no benefits that were due and unpaid. Here, there is no legal basis to the benefit sought on appeal.


ORDER

Entitlement to service connection for the cause of the Veteran's death is denied. 

Entitlements to accrued benefits are denied.



In Jones v. West, the United States Court of Appeals for the Federal Circuit (Federal Circuit) concluded that, "for a surviving spouse to be entitled to accrued benefits, the service member must have had a claim pending at the time of his death for such benefits or else be entitled to them under an existing rating or decision." Jones, 136 F.3d 1296, 1299 (Fed. Cir. 1998). The Federal Circuit noted that "a consequence of the derivative nature of the surviving spouse's entitlement to a service member's accrued benefits claim is that, without the service member having a claim pending at time of death, the surviving spouse has no claim upon which to derive his or her own application." Id. at 1300. 

The Board notes that the appellant originally submitted a claim for accrued benefits in July 2007, within one year of the Veteran's death. The RO subsequently denied her claim for accrued benefits and informed her that at the time of the Veteran's death, there were no pending claims. 

The United States Court of Appeals for Veterans Claims, hereinafter the Court, has addressed the issue of jurisdiction and unadjudicated claims in Ingram v. Nicholson, 21 Vet. App. 232, 243 (2007) ["(A) claim remains pending - even for years - if the Secretary fails to act on a claim before him."] See also Deshotel v. Nicholson, 457 F.3d 1258 (Fed. Cir. 2006); Andrews v. Nicholson, 421 F.3d 1278 (Fed. Cir. 2005). The Board notes that at the time of the Veteran's death, he did not have a claim pending for service connection benefits. However, the record also shows that in May 1994, the RO issued a letter decision concerning the rate of VA pension he would be receiving. The Veteran received that letter and he subsequently submitted a notice of disagreement (NOD) with respect to the letter action. The NOD was dated the end of May of 1994. The Veteran followed up his submission of the notice of disagreement with the submission of VA Form 21-4138, Statement in Support of Claim, dated January 1995. On that form, the Veteran specifically stated that he was in disagreement with the May 1994 letter and that he wished to receive a Statement of the Case (SOC) so that he could continue with his appeal. An SOC was never prepared or provided to the Veteran, and as such, his claim for benefits remained open from 1994 until his death. In other words, although the RO indicated that the Veteran did not have a claim pending at the time of his death, the Board believes otherwise, and as such, the claim must be returned to the RO for additional development and adjudication. Hence, the claim is REMANDED to the RO for the following action:

The RO should readjudicate the claim for accrued benefits taking into account the fact that the Veteran filed an increased rating claim for nonservice-connected pension benefits in May 1994. If the benefits sought on appeal remain denied, the appellant should be provided a supplemental statement of the case (SSOC). The SSOC must contain notice of all relevant actions taken on the claims for benefits, to include a summary of the evidence and applicable law and regulations considered pertinent to the issue currently on appeal. An appropriate period of time should be allowed for response. Thereafter, the case should be returned to the Board, if in order. 

The Board intimates no opinion as to the ultimate outcome of this case. The appellant need take no action unless otherwise notified. The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs