NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GARY J. DARLINGTON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7076

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 08-3238, Judge Alan G. Lance, Sr.

---

Decided: February 22, 2011

---

DARLA J. LILLEY, Lilley Law Firm, P.L.L.C., of Daingerfield, Texas, for claimant-appellant.

L. MISHA PREHEIM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F.

HOCKEY, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and KRISTIANA M. BRUGGER, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC. Of counsel was AMANDA R. BLACKMON, Attorney, United States Department of Veteran Affairs, of Washington, DC.

---

Before NEWMAN, LOURIE, AND MOORE, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

Gary J. Darlington appeals from the decision of the United States Court of Appeals for Veterans Claims (the Veterans Court) affirming the decision of the Board of Veterans' Appeals denying his claim for service connection for a bilateral knee disorder. We conclude that the Veterans Court correctly interpreted 38 U.S.C. §5103A, and that the court's decision must be affirmed.

## BACKGROUND

Mr. Darlington served in the U.S. Marine Corps from July 1957 until June 1960. During service, Mr. Darlington was seen for Osgood-Schlatter disease (O-S) and suffered flare-ups of bursitis associated with this condition. His service medical records show that he was diagnosed with O-S in 1953, prior to service. Upon separation from service his condition was recorded as "normal." **[A8]**.

In February 2000, a VA medical note stated that Mr. Darlington had "uncontrolled" diabetes. In July 2000, he underwent left leg below the knee amputation due to gangrene and diabetes, and underwent the same procedure for the right leg in August 2003. In November 2003, a treat-

ment note stated that he had left and right knee flexion contractures.  **[A9]**.

In September 2003, Mr. Darlington submitted a claim for increased disability rating based on aggravation of his O-S disease while in military service.  At a hearing, reference was made to VA treatment in 2004 related to Mr. Darlington's amputations and prostheses, but these records were not associated with the claims file.  **[A32]**.  In February 2006, the Board denied Mr. Darlington's claim.  On appeal to the Veterans Court, the parties agreed to a joint motion for remand so that the Board could consider its obligation to obtain records and to explain whether Mr. Darlington was entitled to a medical nexus opinion.  **[A9]**.

On remand, the Board found that Mr. Darlington's O-S disease preexisted service and was not aggravated during service.  **[A23]**.  The Board found that the appearance of O-S disease symptoms in service was a flare-up because there were no symptoms at entrance, no symptoms upon exit, and no symptoms for many years after service.  **[A24]**.  The Board found that Mr. Darlington was not entitled to a medical nexus opinion on the relationship between his O-S disease and his claimed knee condition, because that relationship was irrelevant without a finding that the O-S disease was aggravated by service.  Similarly, the Board found that the 2004 VA treatment records were irrelevant and did not obtain them, finding that the 2004 records were related to Mr. Darlington's amputations and prostheses, whereas the outcome of his claim rested on the treatment and severity of symptoms from his O-S disease during his military service.  The Board found that the 2004 records had no bearing on his claim.  **[A33]**.

The Veterans Court affirmed, finding (1) that the Board had provided more than adequate reasons or bases for its

decision that no medical nexus opinion was required, (2) that the Board did not err in considering the absence of treatment as evidence, and (3) that the Board's conclusion that the 2004 records were not relevant was reasonable and supported by the record, such that the Board did not violate its duty to assist by not obtaining those records. **[A10-12]**.

## DISCUSSION

On appeal from the Veterans Court, we review statutory interpretations de novo, but absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. 38 U.S.C. § 7292(2)(2).

Mr. Darlington presents two arguments on appeal. First, he argues that the Veterans Court misinterpreted the VA's duty to assist by not conducting an assessment of whether additional assistance was necessary to substantiate his claim, and whether no reasonable possibility existed that additional assistance would aid in substantiating the claim. Second, he argues that the Veterans Court erred in its view of the absence of medical treatment records.

38 U.S.C. §5103A provides that the VA has a duty to assist claimants. Section 5103A(a) provides that the Secretary "shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim," but that the Secretary "is not required to provide assistance . . . if no reasonable possibility exists that such assistance would aid in substantiating the claim." 38 U.S.C. §5103A(a). Section 5103A(b)(1) provides that "[a]s part of the assistance provided under subsection (a), the Secretary shall make reasonable efforts to obtain relevant records (including private records) that the claimant adequately identifies to the Secretary and authorizes the Secretary to

obtain." 38 U.S.C. §5103A(b)(1). Section 5103A(d) provides that "the assistance provided by the Secretary under subsection (a) shall include providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim." 38 U.S.C. §5103(d).

Mr. Darlington argues that Section 5103A requires the Veterans Court to assess both whether additional assistance is necessary to substantiate a claim, and whether no reasonable possibility exists that additional assistance would aid in substantiating the claim. He argues that the Veterans Court erred by failing to conduct this assessment. The Veterans Court stated that the "Secretary's duty to obtain records extends only to relevant records or potentially relevant records," citing 38 U.S.C. § 5103A(b)(1). **[A11]**. The court observed that the Board found that the 2004 VA treatment records were irrelevant because they had no bearing on whether the veteran's knee issues were connected to his service. The court found that the Board's conclusion was reasonable and supported by the record.

We discern no error in the Veterans Court's interpretation of 38 U.S.C. § 5103A. As the court explained, sections 5103A(b) and (c) make clear that the Secretary's duty to obtain records extends only to relevant records or potentially relevant records. *See Golz v. Shinseki*, 590 F.3d 1317, 1320 (Fed. Cir. 2010) ("There can be no doubt that Congress intended VA to assist veterans in obtaining records for compensation claims, but it is equally clear that Congress only obligated the VA to obtain "relevant" records."); *McGee v. Peake*, 511 F.3d 1352, 1357 (Fed. Cir. 2008) ("Congress has explicitly defined the VA's duty to assist a veteran with the factual development of a benefit claim in terms of relevance.").

Similarly, we discern no error in the Veterans Court's review of the Board's decision not to provide a medical opinion. Section 5103A(d)(1) states that the Secretary's duty to provide a medical opinion applies only when such an examination is necessary to a decision on the claim. The Veterans Court correctly ruled that an "opinion is necessary where there is (1) competent evidence of a current disability or persistent symptoms or recurring symptoms of a disability, (2) evidence establishing that an event, injury, or disease occurred in service or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies, (3) an indication that the disability or symptoms of a disability may be associated with the veteran's service or with another service-connected disability, and (4) insufficient competent medical evidence on file for the Secretary to make a decision on the claim," citing *McLendon v. Nicholson*, 20 Vet. App. 79, 81 (2006). *See* 38 C.F.R. § 3.159(c).

The Board made factual determinations that Mr. Darlington's O-S disease preexisted his service and was not aggravated during service, and found that the standards of *McLendon* were not met because the relationship between the appellant's O-S disease and his claimed knee condition was irrelevant without a finding that the O-S disease was aggravated by service. The Veterans Court found that this statement of reasons or bases was logical and adequate.

Before the Veterans Court, Mr. Darlington argued that the Board erred in relying on its own lay medical opinion to determine that the conditions he manifested in service were only temporary flare-ups of a pre-existing condition. The Veterans Court agreed that the Board may only consider independent medical evidence in support of its findings and may not substitute its own medical opinion, but stated that the Board may take into account an absence of treatment as

"negative" evidence, citing *Forshey v. Principi*, 284 F.3d 1335, 1358 (Fed. Cir. 2002) (en banc). The Veterans Court stated that "the Board concluded that the appearance of O-S disease symptoms in service was a flare-up because there were no symptoms at entrance, no symptoms upon exit, and no symptoms for many years after service," and found that this did "not amount to a prohibited medical conclusion, but rather a logical inference that the Board is entitled to make when it weighs the evidence of record and where there exists no basis for presumptive service connection." **[A11]**.

Mr. Darlington argues that negative evidence, such as the absence of treatment, may not be considered in deciding whether a medical examination is necessary under Section 5103A, and that *Forshey*'s holding is irrelevant when the issue before the VA is medical in nature. He argues that the "benefit of the doubt doctrine" under 38 U.S.C. § 5107(b) prohibits the use of negative medical evidence when determining a veteran's entitlement to a medical examination under Section 5103A.

This court has acknowledged that such evidence can be considered by the Board. *See Maxon v. Gober*, 230 F.3d 1330, 1333 (Fed. Cir. 2000) ("The [Veterans Court] held, and we agree, that evidence of a prolonged period without medical complaint can be considered, along with other factors concerning the veteran's health and medical treatment during and after military service, as evidence of whether a pre-existing condition was aggravated by military service."); *Forshey*, 284 F.3d at 1338 ("evidence is defined as '[a]ll the means by which any alleged matter of fact, the truth of which is submitted to investigation, is established or disproved.'"). Nothing in section 5107(b) prohibits the use of such evidence. 38 U.S.C. § 5107(b) ("Benefit of the doubt. The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary

with respect to benefits under laws administered by the Secretary. When there is an appropriate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.").

We discern no violation of law in the Board's procedures or the rulings of the Veterans Court. The Board's findings of fact are not subject to our review. Thus the decision of the Veterans Court must be affirmed.

No Costs.

**AFFIRMED**