# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-1769

Rosa G. Canlas, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Decided    June 15, 2007    )

*Gearold L. Knowles,* of Washington, D.C., for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Joan E. Moriarty*, Deputy Assistant General Counsel; and *Nisha C. Wagle*, Appellate Attorney, all of Washington, D.C., for the appellee.

Before HAGEL, MOORMAN, and DAVIS, *Judges*.

DAVIS, *Judge*: Rosa G. Canlas appeals through counsel from a May 17, 2004, decision of the Board of Veterans' Appeals (Board) that determined she was not eligible for dependency and indemnity compensation (DIC) because her deceased spouse, Ignacio David Canlas, did not have recognized active service in the Armed Forces of the United States for purposes of any law administered by the Secretary under title 38 of the U.S. Code. This appeal is timely, and the Court has jurisdiction to review the Board's decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). In this appeal, we must determine whether the duty to assist under 38 U.S.C. § 5103A requires the Secretary to search for a claimant's service number to aid in verifying his or her service. We hold that the duty to assist requires VA to obtain records that contain information that is relevant to the adjudication of the claim, such as a claimant's service number, where qualifying service is in doubt and the claimant adequately identifies such records to the Secretary. Because the appellant failed to adequately identify records reasonably likely to contain information relevant to the adjudication

of her claim, the Court will affirm the May 2004 Board decision.

## I. BACKGROUND

Mrs. Canlas' husband died in August 1996. In May 2002, she filed a formal DIC claim with the Manila, Philippines, VA regional office (RO). In her claim, she provided the RO with her deceased husband's date of birth, date of death, and place of death. She also informed VA that he served as "1st Lieutenant, Hq. Co. 10th BN, NW Pampanga, Military District, USAFFE [(U.S. Armed Forces Far East)], Luzon Guerilla Army Forces (ECLGA)" from May 1942 to June 1945. Record (R.) at 14, 70. She was not able to provide the RO with a service number for her deceased husband. In support of her claim, Mrs. Canlas submitted (1) copies of her husband's death certificate, (2) a copy of their marriage certificate, (3) various affidavits from her deceased husband and others attesting to his military service, and (4) a copy of a certified card identifying Mr. Canlas as a member of the "NWPMD, ECLGA, THORP, and RAMSEY's GUERRILLA." R. at 26.

In May 2002, the RO requested from the National Personnel Records Center (NPRC) a verification of Mr. Canlas' service. The request correctly identified his name (first, last, and middle initial), date of birth, date of death, unit of assignment, dates of service, rank, and parents' names, but did not identify a service number or his place of birth. In the block for service number on the request form, "unk[nown]" was written. R. at 70. That same month, the RO sent Mrs. Canlas a letter that identified VA's duty-to-assist and duty-to-notify requirements pursuant to the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, §3(a), 114 Stat. 2096 (VCAA), and asked her to identify information or evidence that she would like VA to obtain on her behalf.

In September 2002, the RO received the following response from the NPRC: "Subject has no service as a member of the Philippine Commonwealth Army, including the recognized guerillas, in the service of the United States Armed Forces." R. at 70. That same month, the RO issued a decision that denied Mrs. Canlas' DIC claim on the grounds that the NPRC could not verify that her deceased husband had military service that qualified for VA benefits.

In April 2003, Mrs. Canlas filed a Notice of Disagreement (NOD). In her NOD, Mrs. Canlas informed the RO for the first time that her husband had extensive work experience with the Philippine Government and the U.S. military at Clark Air Force Base. In response, the RO issued a Statement of the Case (SOC) concluding that "[d]ecisions concerning verification of military

service are the responsibility of the NPRC and under the provision of [38 C.F.R. § 3.203 (2003)] are binding on VA which has no authority to change or amend the findings." R. at 115. Mrs. Canlas timely filed her Substantive Appeal and the matter was transferred and certified to the Board for appellate review. A September 2003 "Memorandum for File" authored by a person identified as "Veterans Service Center Manager" notes that the U.S. Army Reserve Personnel Command informed VA that "unless the claimant reports personal data (such as [a] name) which is different from that which was provided in a prior request for service verification, there is no value in resubmitting a request for reverification." R. at 125-26.

In its May 17, 2004, decision here on appeal, the Board affirmed the RO's determination that Mrs. Canlas was not entitled to VA benefits because her deceased spouse did not have recognized military service.

## II. CONTENTIONS ON APPEAL

On appeal, Mrs. Canlas asks the Court to set aside the Board's decision and remand the matter. In support of her request, she raises four arguments pertaining to VA's duty-to-assist requirements as well as her contention that the Board's failed to consider whether those requirements had been properly satisfied. First, Mrs. Canlas asserts that VA erred when it failed to make any effort to obtain her deceased husband's service number before attempting to verify his military service. She contends that the service number is an essential item of information needed for an NPRC search. Second, Mrs. Canlas asserts that VA erred when it failed to submit all relevant information regarding her deceased husband's military units in order to verify his military service. Specifically, she asserts that the RO should have informed the NPRC that her deceased husband's guerrilla unit was "attached to the 31st Infantry and 517th F.A. U.S. Army." R. at 85. Third, Mrs. Canlas asserts that VA erred when it failed to use information from her husband's employment with the U.S. Government during and following World War II in order to locate her husband's service number. Fourth, Mrs. Canlas asserts that VA erred when it failed to submit her husband's full name when attempting to verify his military service. She contends that it was error on the part of the RO only to provide her deceased husband's middle initial and not his entire middle name.

In response, the Secretary asks the Court to affirm the Board's decision here on appeal. He contends that VA fully satisfied its duty-to-assist requirements and "the search conducted with

respect to Mr. Canlas' service records was neither deficient nor improper." Secretary's Brief (Br.) at 13. As to whether VA was required to search for Mr. Canlas' service number, the Secretary contends that because Mr. Canlas did not have recognized guerilla service with the U.S. military, he was never issued a U.S. service number. *See* Secretary's Br. at 13. The Secretary further contends that an NPRC search can be properly completed for a Philippine individual such as Mr. Canlas without a service number. *See* Secretary's Br. at 14. As to whether VA was required to submit additional information regarding Mr. Canlas' employment with the U.S. Government, the Secretary contends that none of the U.S. Government employment documents in the record contain his service number and, more importantly, a search for verification of service at NPRC's record repository requires neither his service number nor employment records. As to whether VA was required to submit additional information pertaining to Mr. Canlas' military unit, the Secretary contends that the appellant twice failed to provide VA with additional information pertaining to her husband's military unit, and a search for a Philippine individual such as Mr. Canlas did not require all of his unit numbers to be considered a valid and complete search. Finally, as to whether VA was required to submit his full middle name rather than just his middle initial, the Secretary contends that his full name was not required to conduct a complete search.

### III.  DISCUSSION

On appeal, the appellant raises several arguments contending that VA breached its duty to assist under 38 U.S.C. § 5103A by failing to provide the NPRC with sufficient data to identify Mr. Canlas and conduct a complete search for records to verify service. We do not agree with the appellant that VA failed to satisfy its duty to assist. Congress enacted the VCAA, codifying a duty to assist claimants under 38 U.S.C. § 5103A. Generally, the Secretary has a duty to "'make reasonable efforts' to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim." 38 U.S.C. § 5103A(a)(1); *see Cromer v. Nicholson*, 455 F.3d 1346, 1351 (Fed. Cir. 2006). "A claim for veteran's disability benefits has five elements: (1) *veteran status*; (2) existence of a disability; (3) service connection of the disability; (4) degree of disability, and (5) effective date of the disability." *D'Amico v. West*, 209 F.3d 1322, 1326 (Fed. Cir. 2000) (emphasis added) (citing *Maggitt v. West*, 202 F.3d 1370, 1375 (Fed. Cir. 2000)). The Secretary's duty to assist applies to all five elements of a claim, including assisting a claimant in verifying veteran status. Thus, to the

4

extent our caselaw suggests that such a duty is discretionary, the subsequent enactment of the VCAA has now made the duty mandatory. *See Sarmiento v. Brown*, 7 Vet.App. 80, 85 (1994) (recognizing that "The Secretary has taken upon himself an affirmative non-statutory duty to 'request verification from the service department' when one claiming eligibility for benefits fails to submit evidence of service or submits insufficient evidence."), *overruled in part on other grounds by D'Amico*, 209 F.3d at 1325-27.

Where evidence of qualifying service is at issue, VA "shall request verification of service from the service department." 38 C.F.R. § 3.203(c)(2006). "Philippine veterans are not eligible for veterans' benefits unless a United States service department documents or certifies their service." *Soria v. Brown*, 118 F.3d 747, 749 (Fed. Cir. 1997); *see* 38 C.F.R. § 3.41(a) (2006). These findings by the service department as to qualifying service for VA benefits "are binding on VA for purposes of establishing service in the U.S. Armed Forces." *Duro v. Derwinski*, 2 Vet.App. 530, 532 (1992).

The appellant would have us conclude that the duty to assist obligates VA to search for records that may contain a service number for Mr. Canlas in order to complete a search for records at the service department to verify whether Mr. Canlas had qualifying military service. She relies on remarks by the director of the NPRC at this Court's Fourth Annual Judicial Conference addressing a general search for records:

> The key point here is if you're looking for records of a World War II Air Force or Army person, don't use the Social Security number. We've got to go to the service number. That's the key to our index. That's the personal identifier.

David Petree, Dir. of the Nat. Personnel Records Ctr. in St. Louis, Missouri, Address at the Fourth Annual Judicial Conference (Sept. 16, 1996), *in* 10 Vet.App. XIX, at CCXXX (1996). In addition, according to the official guidelines for retrieval of Philippine Army and guerrilla records cited by the Secretary in his brief, the service number, if available, is one of four identifiers used by the NPRC to verify claimed service. U.S. National Archives & Records Administration, http://www.archives.gov/st-louis/military-personnel/philippine-army-records.html (last visited May 14, 2007). Therefore, based on the NPRC director's remarks and National Archives guidelines, we recognize that the service number is clearly relevant to a search for verification of service.

The appellant contends that because the service number is essential to a verification search at the NPRC, VA erred by failing to locate and obtain employment records, chronicling Mr. Canlas'

5

employment with the U.S. Government after service, that might contain his service number. *See* Br. at 10 ("It seems likely that records relating to his employment should contain his service number."). However, "[t]he Secretary is not required to provide assistance to a claimant under this section if no reasonable possibility exists that such assistance would aid in substantiating the claim." 38 U.S.C. § 5103A(a)(2). "[T]he duty to assist is not a license for a 'fishing expedition' to determine if there might be some unspecified information which could possibly support a claim." *Gobber v. Derwinski*, 2 Vet.App. 470, 472 (1992) (ruling on the former version of the duty to assist codified as 38 U.S.C. § 5107 (West. 1991)). Rather, the duty to assist requires the Secretary to "make reasonable efforts to obtain relevant records (including private records) *that the claimant adequately identifies* to the Secretary and authorizes the Secretary to obtain." 38 U.S.C. § 5103A(b)(1) (emphasis added); *see also Loving v. Nicholson*, 19 Vet.App. 96, 102 (2005) (holding that the Secretary's duty to assist includes making "reasonable efforts to obtain relevant records," as long as the claimant "adequately identifies" those records to the Secretary and authorizes the Secretary to obtain them.).

There is no evidence of record cataloguing the appellant's request that VA search for U.S. government records to obtain Mr. Canlas' service number, nor does the record contain evidence that the appellant adequately identified specific U.S. Government records for such purpose. *See Loving*, 19 Vet.App. at 102 (dismissing the veteran's duty-to-assist argument because "at no time during the pendency of [the veteran's] claim before VA did [the veteran] ever identify [records] . . .[]or explain how they might be relevant to his claim"). Moreover, here the appellant raises this argument for the first time. *See Maggitt*, 202 F.3d at 1377 (holding that this Court has discretion to consider arguments raised before it in the first instance).

Though we entertain the merits of the appellant's argument, because the appellant has failed to explain why the employment records, which she only generally identified, would be reasonably likely to contain a service number for Mr. Canlas, and because she failed to make any such identification *during* the pendency of the appellant's claim at VA, we cannot conclude that, in this case, VA failed to conform with the assistance provisions of section 5103A. *Id*. We hold, however, that the duty to assist requires VA to obtain records relevant to the adjudication of a claim, such as a claimant's service number where qualifying service is in doubt and the claimant *adequately identifies* such records to the Secretary. We leave open the question whether the duty to assist

6

requires the Secretary to obtain adequately identified records where the NPRC had already responded that the service member in question had no qualifying service.

Mrs. Canlas also asserts that VA erred when it failed to submit to the NPRC all relevant information regarding her deceased husband's military unit, as well as his complete middle name, in order to verify his military service. The May 2002 VA request to verify service submitted to the NPRC included detailed information addressing his unit assignment: "GUERILLA Hq Co 10th Bn NW Pampanga Military District USAFEE Luzon Guerilla Army Forces." R. at 40. Specifically, Mrs. Canlas asserts that, in response to affidavits submitted in April 2003, noting that her deceased husband's guerrilla unit was "attached to the 31st Infantry and 517th F.A. United States Army" (R. at 85), VA should have included the details in a request for verification pursuant to the provisions of 38 C.F.R. § 3.203(c). Appellant's Br. at 12.

The appellant fails to note that the affidavit on which she relies was submitted to VA more than six months after the September 2002 NPRC report noting that there was no evidence that Mr. Canlas had qualifying service. In light of the ability of the NPRC to conduct a thorough and adequate search and the determination by the U.S. service department that Mr. Canlas had no qualifying service, the appellant's information, without more, is insufficient to require reverification under the Secretary's duty to assist obligation. "In the typical case, the Secretary would have fulfilled his regulatory duty to verify under § 3.203(c) by making a single request for verification." *See Sarmiento*, 7 Vet.App. at 85 (remand for VA to request verification of claimant's service using correctly spelled first and last name).

As for VA's use in the NPRC request of Mr. Canlas' middle initial, rather than full middle name, there is no indication that the NPRC was unable to conduct a thorough and adequate search on this basis. For example, the NPRC did not respond that it had identified a person by using the name provided, but that the person's other identifying information did not match the identifying information the appellant provided; and that, therefore, the full middle name was needed to identify the correct individual. This is not a case in which there is evidence that Mr. Canlas may have used a different name or different variation of his name in service, as was the case in *Sarmiento*, *supra*.

In light of the determination by the U.S. service department, based on adequate and correct information, that Mr. Canlas did not have qualifying service, VA is bound by that certification and Mrs. Canlas' recourse lies within the relevant service department. *Soria*, 118 F.3d at 749. Should

7

the service department verify Mr. Canlas' service at a future date, the appellant may submit the certification records to VA and seek to reopen her claim. *See* 38 U.S.C. § 5108. Therefore, having conducted a search for records that was based on adequate identifying information and that resulted in the NPRC's conclusion that the veteran "has no service as a member of the Philippine Commonwealth Army including recognized guerillas, in the service of the United States Armed Forces" (R. at 70), a remand for VA to submit to the NPRC more detailed information concerning the individual's guerilla unit or middle name would only serve to needlessly delay the processing of the appellant's claim. *See Valiao v. Principi*, 17 Vet.App. 229, 232 (2003) (holding that "[w]here the facts averred by a claimant cannot conceivably result in any disposition of the appeal other than affirmance of the Board decision, the case should not be remanded for development that could not possibly change the outcome of the decision").

Finally, the appellant argues the Board erred by relying on the material errors discussed above. Because we conclude that VA fulfilled its duty-to-assist requirements under section 5103A, the appellant's argument is without merit.

## IV.  CONCLUSION

Upon consideration of the foregoing, the May 17, 2004 Board decision is AFFIRMED.