NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD B. HIME,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7057

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 08-2236, Judge William A. Moorman.

---

Decided: September 15, 2011

---

SANDRA W. WISCHOW, Goodman, Allen & Filetti, of Richmond, Virginia, argued for claimant-appellant.

RENEE GERBER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director,

and MARTIN HOCKEY, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and AMANDA R. BLACKMON, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before RADER, *Chief Judge*, and LOURIE and O'MALLEY, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* LOURIE.
Dissenting opinion filed by *Circuit Judge* O'MALLEY.

LOURIE, *Circuit Judge*.

Richard Hime appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") holding that the Department of Veterans Affairs ("VA") had fulfilled its statutory duty to assist and affirming the denial of his request to reopen his claim for entitlement to service connection for his hip bursitis. *Hime v. Shinseki*, No. 08-2236, 2010 WL 2978498, at *1 (Vet. App. July 29, 2010) ("*Veterans Court Op.*"). Because we conclude that Hime's challenges are outside the scope of our jurisdiction, we dismiss.

BACKGROUND

Hime served on active duty in the U.S. Navy from 1966 to 1970. During service, he injured his right shoulder and was granted service connection for his shoulder disability as of 1979. On June 3, 1981, Hime was treated by a VA physician, Dr. Palmer, for his right shoulder condition and sent to physical therapy for two weeks. Dr. Palmer recommended that Hime use his left hand instead of his right in order to alleviate some of the right shoulder pain. A few weeks later, on August 5, 1981, Dr. Palmer

wrote another treatment plan for Hime, this time for bursitis in his left hip.

In 1982, Hime filed a claim for bursitis of the left hip as secondary to his right shoulder disability, contending that it had resulted from performing various actions with his left hand to avoid further injury to his right shoulder. He submitted an opinion from Dr. Palmer stating that the bursitis was directly related to the service-connected condition of his shoulder. The Board of Veterans' Appeals ("the Board") denied Hime's claim in 1983, explaining that Hime had almost full function of his shoulder and that the bursitis had been diagnosed years later. The Board also stated that it had considered Dr. Palmer's statement in coming to its conclusion. *Id.*

In 2005, Hime submitted a request to reopen his claim for service connection for bursitis. In support of his claim, he submitted three pieces of evidence: (1) Dr. Palmer's medical statement from 1982, (2) a statement dated 2007 from a private physician on a matter unrelated to bursitis, and (3) VA medical progress notes from 1981. The VA medical progress notes that Hime submitted were not in his original claim file. One of the progress notes indicates, *inter alia*, that Hime received physical therapy at the VA medical center in June 1981 for his right shoulder disability. However, Hime did not obtain or submit any individual records of those therapy sessions.

The Regional Office ("RO") denied the request, finding that none of the evidence submitted was new and material. On appeal, the Board agreed. It noted that Dr. Palmer's medical statement was considered by the VA in its 1983 decision, and therefore that evidence was not new. It found that the other evidence, including the 1981 treatment notes, was new, but not material, as it did not address the relationship between the hip condition and

the shoulder disability—the unestablished element in the 1983 decision. *Id.* It explained that the treatment notes merely demonstrate a diagnosis of the right shoulder disability, a fact that had long been established.

The Board further found that the VA had satisfied its duty to assist pursuant to 38 U.S.C. § 5103A(a) and 38 C.F.R. § 3.159(c) because it had "obtained records of treatment reported by [Mr. Hime], including service medical records, VA medical center (VAMC) records and private medical records [and there was] no indication from the record of additional medical treatment for which the RO ha[d] not obtained, or made sufficient efforts to obtain, corresponding records."

The Veterans Court affirmed the Board's decision. Hime argued to the Veterans Court that the VA had not satisfied its duty to assist him in obtaining VA records because the 1981 treatment notes, which he had obtained and submitted, were not in the original records obtained by the VA. Because the newly submitted treatment notes indicated that Hime was undergoing physical therapy in 1981, Hime argued that there likely existed additional records related to that therapy, such as individual therapy session records, that could contain information relevant to his bursitis claim. Hime's argument was that because he had identified potentially relevant records that likely existed but he had not been able to obtain, the VA had a duty to seek out and obtain those records for him prior to deciding his claim for service connection for bursitis of the left hip.

The Veterans Court rejected that argument, explaining that those notes simply stated that Hime had bursitis, but failed to provide any type of nexus evidence or establish that there existed any other records not reasonably obtained by the VA. *Veterans Court Op.* at *4. The court

specifically found that the new evidence submitted by Hime failed to "establish the existence of additional missing medical records." *Id.* The court therefore concluded that the VA had made reasonable efforts to assist Hime in obtaining medical records necessary to substantiate his claim and therefore fulfilled its duty to assist. *Id.* Hime filed a motion for reconsideration and, in the alternative, for a panel decision. That motion was denied. *Hime v. Shinseki*, No. 08–2236, 2010 WL 3759887 (Vet. App. Sept. 24, 2010). Hime then timely appealed.

## DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). We may not, however, absent a constitutional challenge, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Hime argues that the VA made no attempt to obtain his physical therapy treatment records from the VA medical center even though he provided sufficient information indicating the existence of those records, and yet the Veterans Court found the duty to assist fulfilled. Hime therefore contends that in affirming the Board's decision, the Veterans Court necessarily held that the VA had no duty to assist him. Hime argues that the Veterans Court's holding can only stand under an incorrect interpretation of 38 U.S.C. § 5103A(c)(2): that the VA would have no duty to find and obtain VA treatment records even when the veteran submits sufficient information

supporting the likely existence of such records. According to Hime, the Veterans Court's interpretation renders the duty to assist meaningless because it requires the veteran to obtain and provide records himself because, in his view, that would be the only way to demonstrate that the records actually contain the necessary evidence to substantiate his claim. That, Hime continues, imposes an improper burden on the veteran that cannot be supported by a reasonable reading of the statute. Thus, Hime urges that this court has jurisdiction in this case and that we should correct the VA's improper interpretation of the statute.

The government responds that we lack jurisdiction to review the Veterans Court's decision in this case because it is an application of law to facts. The government contends that the Veterans Court did not interpret § 5103A(c)(2) to mean that the VA had no duty to assist Hime in obtaining medical records and that Hime's disagreement is really with the factual inferences that the Board made as well as the Veterans Court's determination that the VA had satisfied the duty to assist. It points out that Hime did not specifically inform the RO that additional records could be missing. Thus, it contends, there was no reason for the VA to infer the existence of missing records merely from the existence of the 1981 treatment notes or to conclude that reports of the individual physical therapy sessions, even if they existed, would contain any relevant information.

We agree with the government that the question presented here is whether the Board made clearly erroneous factual findings or incorrectly applied the law to the facts of this case, both of which are beyond our jurisdiction. *See* 38 U.S.C. § 7292 (absent a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to

the facts of a particular case"). The VA's duty to assist claimants is codified at 38 U.S.C. § 5103A. The VA has a duty to "make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim." *Id.* § 5103A(a)(1). Section 5103A(c), entitled "Obtaining records for compensation claims," describes the types of records the VA must assist the veteran in obtaining:

> (c) Obtaining records for compensation claims.— In the case of a claim for disability compensation, the assistance provided by the Secretary under subsection (b) shall include obtaining the following records *if relevant to the claim*:

> (1) The claimant's service medical records and, if the claimant has furnished the Secretary information sufficient to locate such records, other relevant records pertaining to the claimant's active military, naval, or air service that are held or maintained by a governmental entity.

> (2) Records of *relevant medical treatment* or examination of the claimant at Department healthcare facilities or at the expense of the Department, if the claimant *furnishes information sufficient to locate* those records.

> (3) Any other relevant records held by any Federal department or agency that the claimant adequately identifies and authorizes the Secretary to obtain.

*Id.* § 5103A(c) (emphases added). The corresponding regulation, 38 C.F.R. § 3.159(c), also lists a claimant's relevant VA medical records as a category of records that the VA is required to obtain with regard to a veteran's claim for disability compensation. There can be no doubt

that Congress intended the VA to assist veterans in obtaining records for compensation claims, and the duty to assist requires the Secretary to make reasonable efforts to obtain "evidence necessary to substantiate the claimant's claim for a benefit." *Golz v. Shinseki*, 590 F.3d 1317, 1321 (Fed. Cir. 2010).

On the other hand, the duty to assist is not boundless in its scope, and the statute is explicit that only those medical records that are relevant to the veteran's claim must be sought. *Id.*; *see also McGee v. Peake*, 511 F.3d 1352, 1357 (Fed. Cir. 2008) ("Congress has explicitly defined the VA's duty to assist a veteran with the factual development of a benefit claim in terms of relevance."). Relevant records for the purpose of § 5103A are those records that relate to the injury for which the claimant is seeking benefits and have a reasonable possibility of helping to substantiate the veteran's claim. *Golz*, 590 F.3d at 1321.

With regard to the new evidence submitted by Hime, *viz.*, the 1981 treatment notes, the Board made, and the Veterans Court affirmed, two separate findings that Hime appears to challenge: (1) that it failed to support the requisite nexus between his hip and shoulder conditions, and (2) that it failed to establish that there existed any other records not reasonably obtained by the VA. *Veterans Court Op.* at *4. Hime challenges both of those findings to argue that the court's conclusion that the VA had fulfilled its duty to assist resulted from an incorrect interpretation of the statute. We disagree.

The first of those findings goes directly to the relevance of any physical therapy treatment that Hime underwent for his shoulder condition in 1981 to his present claim for hip bursitis. Hime argues that the relevance of the physical therapy records is unquestionable. He points

out that the treatment notes indicate that he was under-going physical therapy for his right shoulder disability in 1981, and that he had modified his physical activities because of his shoulder disability. According to Hime, because his claim is for hip bursitis as an injury secondary to his right shoulder disability, any records developed during the physical therapy for his shoulder disability would be relevant to his claim.

The Board reviewed the treatment notes and made a factual determination as to whether they provided the requisite nexus to support Hime's claim. The June 22, 1981, note specifically states that physical therapy of Hime's right shoulder provided only temporary relief and the resulting improvement was so small that the therapy was terminated. The Board reviewed that note and found that it "does not relate to the unestablished fact necessary to substantiate the claim." In effect, the Board found that the 1981 physical therapy of Hime's right shoulder was not relevant to establishing the "relationship between the veteran's bursitis of the left hip and his service connected shoulder condition"—the unestablished element in the 1983 Board decision. This is a fact-based determination over which we have no jurisdiction. 38 U.S.C. § 7292; *see Golz*, 590 F.3d at 1322 ("The Board's factual finding that . . . records would not be relevant to [the veteran's] claim is not reviewable by this court.").

Hime next argues that even though the Board found that the treatment notes failed to establish the requisite nexus between his hip and shoulder injuries, the VA was still required to obtain and review the physical therapy records before deciding that they were irrelevant for purposes of § 5103A. That argument fails in light of our recent precedent. *Golz*, 590 F.3d at 1323 ("It is not the case that the government must obtain records in every case in order to rule out their relevance." (distinguishing

*Moore v. Shinseki*, 555 F.3d 1369, 1374 (Fed. Cir. 2009))). In *Golz*, we rejected the veteran's argument that the VA was obligated to obtain Social Security Administration records relating to a back disability to support the veteran's claim for service connection for post-traumatic stress disorder even though the Board had made a factual determination that those records would be irrelevant to the veteran's claim. *Id.* at 1322. We explained that the legal standard for relevance requires the VA to obtain records only if there exists a reasonable possibility that the records could help the veteran substantiate his claim for benefits. *Id.* at 1323.

As in *Golz*, the Board in this case made a factual determination that Hime's treatment notes, including statements that he received physical therapy for his right shoulder condition, failed to establish the requisite nexus element for his claim relating to bursitis, and where there is no nexus, there can be no relevance. It would thus be contrary to the plain language of the statute and our precedent to require that the VA obtain detailed records of the physical therapy even where there is no reasonable possibility that they would aid in substantiating Hime's claim. *See* 38 U.S.C. § 5103A(c)(2) ("Records of *relevant* medical treatment . . . ." (emphasis added)); *see also Golz*, 590 F.3d at 1323 ("There must be *specific reason* to believe these records may give rise to pertinent information to conclude that they are relevant." (emphasis added)). We therefore conclude that the Veterans Court did not independently construe section 5103A but rather followed established law in affirming the Board's decision. *See also Darlington v. Shinseki*, 415 Fed. Appx. 253, (Fed. Cir. Feb. 22, 2011) (declining to find an error in the Veterans Court's interpretation of section 5103A where the veteran challenged the Board's factual determination on relevance of records). Moreover, its determination that Hime's

treatment notes relating to physical therapy of his shoulder failed to provide nexus evidence for his hip claim is a factual one that is not within our jurisdiction.

Likewise, the Board's second finding that Hime's treatment notes failed to establish the existence of any other records not reasonably obtained by the VA also requires resolving disputed facts and applying the law to those facts, each of which is beyond our jurisdiction. Hime argues that by submitting the June 22 treatment note, he provided sufficient information indicating that physical therapy occurred between early June and June 22, 1981, and that there may exist at the VA medical center individual records of each of those therapy sessions. That, according to Hime, constitutes sufficient information under the statute to trigger the VA's duty to assist so as to require the VA to seek out and obtain any treatment records that may exist for his physical therapy.

We disagree. The statute plainly requires the veteran to "adequately identify" the relevant records that the veteran desires the VA to obtain. 38 U.S.C. § 5103A(b). The subsection relating to medical treatment records specifically states that the VA's duty to assist is only triggered "if the claimant furnishes information sufficient to locate those records." *Id.* § 5103A(c)(2).

As the government points out, Hime did not in any way inform the RO that he was seeking additional records that were not a part of his file, or that he believed additional records even existed. The government further states that the treatment notes that Hime submitted do not indicate that there are any additional physical therapy records. Yet Hime argues that the VA, based merely on his submission of the treatment notes, should have inferred that additional physical therapy records had to be sought out and obtained under its duty to assist. In

essence, Hime argues that the duty to assist requires the VA to seek out additional medical records whenever evidence submitted by the veteran even remotely suggests that additional records may exist. That interpretation of § 5103A is contrary to the plain language of the statute. *See Loving v. Nicholson*, 19 Vet. App. 96, 103 (2005) (concluding that the VA's duty to assist had been fulfilled because "at no time during the pendency of his claim before VA, did Mr. Loving ever identify any additional medical records or quality-assurance reports or request VA to provide them nor explain how they might be relevant to his claim"); *see also Canlas v. Nicholson*, 21 Vet. App. 312, 317 (2007) ("The duty to assist is not a license for a fishing expedition to determine if there might be some unspecified information which could possibly support a claim."). We therefore conclude that the question whether Hime established that there existed any additional records not reasonably obtained by the VA is a straightforward one of application of law to disputed facts, one that we are not at liberty to review.

Hime argues that we are bound by our precedent in *Moore*, in which we held that the VA had an obligation to obtain service medical records that predated the period for which the claimant sought compensation. 555 F.3d at 1373-74. We explained that the Veterans Court's decision in that case, categorically ruling such "predated" records as irrelevant to the veteran's claims was an incorrect interpretation of the statute, contrary even to its own regulation. *Id.* at 1373. Thus, *Moore*, like *Golz*, addressed the meaning and scope of the term "relevant records" as used in the statute. In *Moore*, we were not presented with the question presented here, *viz.*, whether a veteran has provided sufficient information to adequately identify the records to be obtained, which in our view constitutes application of law to fact. The records actually at issue in

*Moore* were the veteran's service medical records, *i.e.*, records developed during service, which the veteran's department already possessed and the issue of identification did not arise. *Id.* at 1370. As the government points out, that distinction between the types of veteran's medical records, *e.g.*, records in the possession of the veteran's department versus records at a VA or even a non-VA health-care facility somewhere across the country is highlighted in the statute itself. *Compare* 38 U.S.C. § 5103A(c)(1), *with* § 5103A(c)(2). The holding in *Moore* is therefore inapposite to the issue presented here.

Hime argues that this is a case where "the material facts are not in dispute and the adoption of a particular legal standard would dictate the outcome of a veteran's claim, [such that] we treat the application of law to undisputed fact as a question of law." *Conley v. Peake*, 543 F.3d 1301, 1304 (Fed. Cir. 2008). That, however, is not correct. As discussed above, there are facts in this case that are disputed between the parties, particularly including the possible relationship between the shoulder and hip injuries as well as the likelihood that additional searching for unidentified records would turn up relevant evidence; the Veterans Court reviewed the Board's factual determinations and application of law to those facts. *See Veterans Court Op.* at *4 (affirming the Board's finding as not clearly erroneous). In affirming the Board, the Veterans Court relied solely on the plain language and on our prior interpretation of section 5103A. Hime's challenges on appeal therefore do not fall within the scope of 38 U.S.C. § 7292.

## CONCLUSION

We have considered Hime's remaining arguments and do not find them persuasive. Accordingly, we dismiss Hime's appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.

# United States Court of Appeals
# for the Federal Circuit

———————————

**RICHARD B. HIME,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS
AFFAIRS,**
*Respondent-Appellee.*

———————————

2011-7057

———————————

Appeal from the United States Court of Appeals for
Veterans Claims in Case No. 08-2236, Judge William A.
Moorman.

———————————

O'MALLEY, *Circuit Judge*, dissenting.

The majority concludes that we lack jurisdiction because Richard Hime is asking us to resolve disputed material facts and apply the law to those facts. The facts material to the analysis of the VA's duty to assist, however, are undisputed. We must decide only whether the undisputed, material facts are sufficient to invoke the duty to assist as a matter of law. Because those facts are sufficient, I would *vacate* the denial of claim entitlement, *remand* this case, and instruct the VA to attempt to locate the physical therapy records.

Section 5103A contains requirements, two of which are at issue in this case, that a claimant must satisfy to invoke the VA's duty to assist in locating treatment records at a VA healthcare facility. First, a claimant must demonstrate that the records are relevant. 38 U.S.C. § 5103A(b)(1), (c)(2). A single, undisputed fact in Mr. Hime's case satisfies the relevancy requirement: that the Board concluded in its 1983 opinion that Mr. Hime's right shoulder should not have caused him significant functional problems. Mr. Hime seeks the physical therapy records because he wants to prove that he did experience functional problems in his shoulder. If Mr. Hime can prove that fact, he anticipates proving that, because of those functional problems, he was directed and effectively forced to use his left arm, almost exclusively, which, in turn, caused his left-hip bursitis. Mr. Hime, in other words, is attempting to rebut a Board finding in a case that he is seeking to reopen. Here, there is no dispute that the records at issue are physical therapy records relating to Mr. Hime's right shoulder injury, the very injury whose severity was at issue in the Board's determination.

Records are relevant for the purpose of Section 5103A if they relate to the injury for which a claimant is seeking benefits and have a reasonable possibility of helping to substantiate the claim. *Golz*, 590 F.3d at 1321. I would hold, as a matter of law, that treatment records fall within the definition of relevancy if, based on a claimant's description of them, the records could assist in a claimant's rebutting a prior Board finding in a case that the claimant seeks to reopen.

The majority believes that we cannot resolve the relevancy requirement as a matter of law because a factual dispute exists as to whether there is a relationship between Mr. Hime's shoulder and hip injuries. That fact is

immaterial to the duty to assist in this case. Although Mr. Hime must prove that relationship to prevail on the merits, Section 5103A does not require him to prove his case on the merits to compel the VA to obtain treatment records. The statute only requires him to demonstrate a relationship to the claimed injury and a reasonable possibility that the treatment records will help substantiate his claim. *Golz*, 590 F.3d at 1321. That Mr. Hime is attempting to rebut a prior Board finding in a case that he is seeking to reopen, with records relating to an injury on which that finding turned, indicates that a relationship to the claimed injury exists and that the physical therapy records could assist Mr. Hime in substantiating his claim.

In addition to the relevancy requirement, a claimant must adequately identify the records sought and furnish information sufficient to locate the records. 38 U.S.C. § 5103A(b)(1), (c)(2). No one disputes the following facts: Mr. Hime filed a statement in support of claim, in which he indicated that he received treatment at the VA Medical Center in Hampton, Virginia. Progress notes indicate that Dr. Palmer referred Mr. Hime for physical therapy on his right shoulder around June 3, 1981, and that Dr. Palmer concluded, on June 22, 1981, that the physical therapy had little effect and discontinued it. The undisputed facts, therefore, indicate the nature of the treatment that Mr. Hime received, the location where he received it, the approximate timeframe when he received it, and the referring doctor's name. Clearly, such identification is sufficient for the VA to locate those records. Indeed, it is hard to imagine what more information a claimant would need to provide the VA.

The majority contends that Mr. Hime's identification was inadequate because he did not specifically tell the regional office that he was seeking physical therapy

records. The statute, however, does not require literal identification. It only requires that a claimant "adequately identify" and "furnish[] information sufficient to locate [the] records." 38 U.S.C. § 5103A(c)(1), (c)(2). The majority cites no authority that equates the statutory requirements to literal identification.

Instead, the majority relies on Veterans Court cases, which we are not obligated to follow, and which are distinguishable on their facts. In *Loving v. Nicholson*, the claimant never contended that additional medical records existed until the Board, apparently on its own initiative, mentioned the possibility that unspecified medical records existed but concluded that the records would not have affected the outcome of the case. 19 Vet. App. 96, 102 (2005). The case record appeared to lack any information shedding light on what the supposedly missing medical records were. *See id.* Mr. Hime's submissions, by contrast, indicate on their face that Mr. Hime participated in physical therapy during a particular timeframe, at a particular facility, and at the direction of a particular doctor. In *Canlas v. Nicholson*, the Veterans Court was faced with a situation similar to that in *Loving*. The claimant argued that the VA had a duty to locate what appeared to be her deceased husband's post-service government employment records because those records might have contained the decedent's military service number. 21 Vet. App. 312, 315, 317 (2007). The claimant failed to specify, during the pendency of her claim, why that general category of records could be reasonably expected to disclose the decedent's service number. *Id.* The VA had far more specific information before it in Mr. Hime's case than it did in *Canlas*.

The government suggests in its brief that there is no way of knowing whether there are actually physical therapy records to obtain even if the VA were to search for

them. Mr. Hime has submitted enough information that the VA should at least investigate. The VA, in fact, sent Mr. Hime a letter after the agency received his application and informed him that the VA was responsible for obtaining relevant records from any federal agency. Mr. Hime was entitled to take the VA at its word. As we have repeatedly stated, "[i]n close or uncertain cases, the VA should be guided by the principles underlying this uniquely pro-claimant system. VA has a duty to assist veterans and is required to 'fully and sympathetically develop the veteran's claim to its optimum before deciding it on the merits.'" *Golz*, 590 F.3d at 1323 (quoting *McGee v. Peake*, 511 F.3d 1352, 1357 (Fed. Cir. 2008)). When in doubt, the VA should attempt to locate the records.

If the VA were to locate Mr. Hime's physical therapy records, I do not suggest that the Board would be obligated to find that those records satisfy the materiality prerequisite to reopening Mr. Hime's case. I only propose today that we hold that what Mr. Hime has done is sufficient, as a legal matter, to invoke the VA's duty to assist and provide him another opportunity to argue for the reopening of his claim if the VA finds the records. Accordingly, I respectfully dissent.