O’MALLEY, Circuit Judge,
dissenting.
The majority concludes that we lack jurisdiction because Richard Hime is asking us to resolve disputed material facts and apply the law to those facts. The facts material to the analysis of the VA’s duty to assist, however, are undisputed. We must decide only whether the undisputed, material facts are sufficient to invoke the duty to assist as a matter of law. Because those facts are sufficient, I would vacate the denial of claim entitlement, remand this case, and instruct the VA to attempt to locate the physical therapy records.
Section 5103A contains requirements, two of which are at issue in this case, that a claimant must satisfy to invoke the VA’s duty to assist in locating treatment records at a VA healthcare facility. First, a claimant must demonstrate that the records are relevant. 38 U.S.C. § 5103A(b)(l), (c)(2). A single, undisputed fact in Mr. Hime’s case satisfies the relevancy requirement: that the Board concluded in its 1983 opinion that Mr. Hime’s right shoulder should not have caused him significant functional problems. Mr. Hime seeks the physical therapy records because he wants to prove that he did experience functional problems in his shoulder. If Mr. Hime can prove that fact, he anticipates proving that, because of those functional problems, he was directed and effectively forced to use his left arm, almost exclusively, which, in turn, caused his left-hip bursitis. Mr. Hime, in other words, is attempting to rebut a Board finding in a case that he is seeking to reopen. Here, there is no dispute that the records at issue are physical therapy records relating to Mr. Hime’s right shoulder injury, the very injury whose severity was at issue in the Board’s determination.
Records are relevant for the purpose of Section 5103A if they relate to the injury for which a claimant is seeking benefits and have a reasonable possibility of helping to substantiate the claim. Golz, 590 F.3d at 1321. I would hold, as a matter of law, that treatment records fall within the definition of relevancy if, based on a claimant’s description of them, the records could assist in a claimant’s rebutting a prior Board finding in a case that the claimant seeks to reopen.
The majority believes that we cannot resolve the relevancy requirement as a matter of law because a factual dispute exists as to whether there is a relationship between Mr. Hime’s shoulder and hip injuries. That fact is immaterial to the duty to assist in this case. Athough Mr. Hime must prove that relationship to prevail on the merits, Section 5103A does not require him to prove his case on the merits to compel the VA to obtain treatment records. The statute only requires him to demonstrate a relationship to the claimed injury and a reasonable possibility that the treatment records will help substantiate his claim. Golz, 590 F.3d at 1321. That Mr. Hime is attempting to rebut a prior Board finding in a case that he is seeking to reopen, with records relating to an injury on which that finding turned, indicates that a relationship to the claimed injury exists and that the physical therapy records could assist Mr. Hime in substantiating his claim.
*903 In addition to the relevancy requirement, a claimant must adequately identify the records sought and furnish information sufficient to locate the records. 38 U.S.C. § 5103A(b)(l), (c)(2). No one disputes the following facts: Mr. Hime filed a statement in support of claim, in which he indicated that he received treatment at the VA Medical Center in Hampton, Virginia. Progress notes indicate that Dr. Palmer referred Mr. Hime for physical therapy on his right shoulder around June 3, 1981, and that Dr. Palmer concluded, on June 22, 1981, that the physical therapy had little effect and discontinued it. The undisputed facts, therefore, indicate the nature of the treatment that Mr. Hime received, the location where he received it, the approximate timeframe when he received it, and the referring doctor’s name. Clearly, such identification is sufficient for the VA to locate those records. Indeed, it is hard to imagine what more information a claimant would need to provide the VA.
The majority contends that Mr. Hime’s identification was inadequate because he did not specifically tell the regional office that he was seeking physical therapy records. The statute, however, does not require literal identification. It only requires that a claimant “adequately identify” and “furnish[] information sufficient to locate [the] records.” 38 U.S.C. § 5103A(c)(l), (c)(2). The majority cites no authority that equates the statutory requirements to literal identification.
Instead, the majority relies on Veterans Court cases, which we are not obligated to follow, and which are distinguishable on their facts. In Loving v. Nicholson, the claimant never contended that additional medical records existed until the Board, apparently on its own initiative, mentioned the possibility that unspecified medical records existed but concluded that the records would not have affected the outcome of the case. 19 Vet.App. 96, 102 (2005). The case record appeared to lack any information shedding light on what the supposedly missing medical records were. See id. Mr. Hime’s submissions, by contrast, indicate on their face that Mr. Hime participated in physical therapy during a particular timeframe, at a particular facility, and at the direction of a particular doctor. In Canlas v. Nicholson, the Veterans Court was faced with a situation similar to that in Loving. The claimant argued that the VA had a duty to locate what appeared to be her deceased husband’s post-service government employment records because those records might have contained the decedent’s military service number. 21 Vet.App. 312, 315, 317 (2007). The claimant failed to specify, during the pendency of her claim, why that general category of records could be reasonably expected to disclose the decedent’s service number. Id. The VA had far more specific information before it in Mr. Hime’s case than it did in Canlas.
The government suggests in its brief that there is no way of knowing whether there are actually physical therapy records to obtain even if the VA were to search for them. Mr. Hime has submitted enough information that the VA should at least investigate. The VA, in fact, sent Mr. Hime a letter after the agency received his application and informed him that the VA was responsible for obtaining relevant records from any federal agency. Mr. Hime was entitled to take the VA at its word. As we have repeatedly stated, “[i]n close or uncertain cases, the VA should be guided by the principles underlying this uniquely pro-claimant system. VA has a duty to assist veterans and is required to ‘fully and sympathetically develop the veteran’s claim to its optimum before deciding it on the merits.’ ” Golz, 590 F.3d at 1323 (quoting McGee v. Peake, 511 F.3d 1352, *904 1357 (Fed.Cir.2008)). When in doubt, the VA should attempt to locate the records.
If the VA were to locate Mr. Hime’s physical therapy records, I do not suggest that the Board would be obligated to find that those records satisfy the materiality prerequisite to reopening Mr. Hime’s case. I only propose today that we hold that what Mr. Hime has done is sufficient, as a legal matter, to invoke the VA’s duty to assist and provide him another opportunity to argue for the reopening of his claim if the VA finds the records. Accordingly, I respectfully dissent.