NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DOUGLAS E. GRIFFIN,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7012

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-4167, Judge Lawrence B. Hagel.

---

Decided: April 6, 2012

---

DOUGLAS E. GRIFFIN, of Longwood, Florida, pro se.

MICHAEL GOODMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. On the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, TODD M. HUGHES,

Deputy Director, and MEREDYTH COHEN HAVASY, Trial Attorney. Of counsel on the brief was DAVID J. BARRANS, Deputy Assistant General Counsel.

———————————

Before RADER, *Chief Judge*, PLAGER, and WALLACH, *Circuit Judges*.

PER CURIAM.

Douglas E. Griffin seeks review of a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court").[1] In that decision the Veterans Court affirmed a November 5, 2009, decision of the Board of Veterans' Appeals ("Board") that denied service-connected disability benefits for Mr. Griffin's human immunodeficiency virus ("HIV") infection. The issue on appeal is whether the Department of Veterans Affairs ("VA") was required as a matter of law to contact Government agencies other than the National Personnel Records Center ("NPRC") in its attempt to obtain the result from one of Mr. Griffin's in-service HIV tests. Because the Veterans Court properly interpreted the VA's duty to assist under 38 U.S.C. § 5103(A), we *affirm*.

## BACKGROUND

Mr. Griffin served on active duty in the United States Navy from July 1985 through July 1991. In April 1999, he sought VA benefits for HIV infection. Mr. Griffin's service medical records indicate that he was tested for HIV in 1986, 1988, 1989, and 1991. The first three tests yielded negative results, but Mr. Griffin's records contain

———————————

[1] *Griffin v. Shinseki*, memorandum decision, No. 09-4167 (Vet. App. Aug. 3, 2011).

no result for the 1991 test.  Mr. Griffin contends the 1991 test was positive.

The VA Regional Office ("RO") sought to obtain the result of Mr. Griffin's 1991 test from the NPRC.  After two unsuccessful attempts due to administrative errors of one kind or another, in response to the RO's third, more specific request, the NPRC stated that all available information regarding the tests was contained in Mr. Griffin's service medical records which had been sent to the RO in October 1999.  Joint Appendix ("JA") at 46.

Over a decade after Mr. Griffin filed his claim, and after several remands from the Board and one from the Veterans Court, the RO ultimately denied Mr. Griffin's claim for service connection, and the Board affirmed.  Mr. Griffin appealed to the Veterans Court arguing, *inter alia*, that the VA had failed to adequately assist him in obtaining the result of his 1991 HIV test.  According to Mr. Griffin, the VA should have contacted other government entities besides the NPRC to locate the missing result.

The Veterans Court disagreed, noting that Mr. Griffin's only support for his argument that another Government entity might have the test result was that:

> Due to the nature of HIV infection and AIDS, it is logical to assume that the results of any positive tests . . . could have been submitted to other governmental agencies for statistical or other purposes.

*Griffin v. Shinseki*, No. 09-4197, 2011 WL 3319398, at *3 (Vet. App. Aug. 3, 2011).  Because Mr. Griffin failed to provide any evidence that he had consented to the disclosure of his test result or that circumstances would have

warranted such disclosure without his consent, the Veterans Court held that "the Board's determination that VA satisfied its duty to assist Mr. Griffin is not clearly erroneous." *Id.* at *1.

Mr. Griffin now appeals to this court. We have jurisdiction under 38 U.S.C. § 7292(c).

## DISCUSSION

This court's review of Veterans Court decisions is strictly limited by statute. Unless an appeal presents a constitutional issue, we may not review challenges to factual determinations or challenges to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2). Thus, the Government is correct that an "application of section 5103A [the duty to assist] to the facts of Mr. Griffin's case is outside this Court's jurisdiction to consider." Resp't-Appellee's Informal Br. ("Government Br.") at p. 10.

Another way to look at it, however, is whether the Veterans Court correctly interpreted 38 U.S.C. § 5103A by holding that the VA was not required to contact other Government agencies besides the NPRC in its attempt to obtain the result from Mr. Griffin's 1991 in-service HIV test. We review statutory interpretation by the Veterans Court without deference. *Golz v. Shinseki*, 590 F.3d 1317, 1320 (Fed. Cir. 2010).

Thus this case is another illustration of the jurisprudential conundrum created by the standard of review Congress has mandated for these appeals. In the interest of fairness to Mr. Griffin in his pro se appeal and because the ultimate result is the same, we will reject the Government's argument that we dismiss for lack of jurisdic-

tion and review the merits of his appeal, which the Government addresses in its brief.

According to Mr. Griffin, the VA's duty to assist under 38 U.S.C. § 5103A requires the department to make "as many requests as are necessary to obtain records from Federal agencies . . . ." JA at 25. As a result, Mr. Griffin contends that the VA should have contacted the CDC and any other Government agency that might possess his 1991 test result.

The Government responds that under 38 U.S.C. § 5103A, the "VA is required only to 'make *reasonable* efforts to assist a claimant,' not unlimited efforts." Government Br. at p. 10 (emphasis in original). According to the Government, it would not have been reasonable for the VA to contact agencies other than the NPRC because "if the test result is not within Mr. Griffin's service medical records or any other records maintained by the [NPRC], it does not exist." *Id.*

As we have elsewhere observed, "[t]he duty to assist is not boundless in its scope." *Golz*, 590 F.3d at 1320. The language of the statute is explicit: the VA "is not required to provide assistance to a claimant . . . if no reasonable possibility exists that such assistance would aid in substantiating the claim." 38 U.S.C. § 5103A(a)(2). To conclude that the VA is required to make virtually unlimited requests to various agencies to obtain records the existence of which is open to question would vitiate section 5103A(a)(2) from the statute. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (internal citations omitted).

Thus, the Veterans Court did not err as a matter of law when it determined that the VA had met its duty to assist Mr. Griffin under 38 U.S.C. § 5103A. The court reviewed the Board's decision under the correct legal standard—whether a reasonable possibility exists that additional assistance would aid in substantiating Mr. Griffin's claim—and concluded, based among other reasons on the lack of evidence that Mr. Griffin had authorized disclosure of his test result to other agencies or that the Navy was otherwise authorized to disclose the result without Mr. Griffin's permission, that further investigation was not required.

As we cautioned in *Goltz*, in close or uncertain cases, the VA should be guided by the principles underlying our uniquely pro-claimant system for veteran's benefits. *Id.* 590 F.3d at 1323. As long as there is a *reasonable* possibility that records exist to substantiate a veteran's claim, the VA is required to assist the veteran in obtaining those records. But the duty to assist "is not a license for a 'fishing expedition' to determine if there might be some unspecified information which could possibly support a claim." *Canlas v. Nicholson*, 21 Vet.App. 312, 317 (2007) (citing *Gobber v. Derwinski*, 2 Vet.App. 470, 472 (1992)). Thus, when a veteran has failed to establish a reasonable possibility that certain records exist, the VA has no duty to assist the veteran in a random search for such records.

CONCLUSION

Because the Veterans Court correctly interpreted the VA's duty to assist as found in 38 U.S.C. § 5103A, the decision of the Veterans Court is affirmed.

**AFFIRMED**