﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200211-61828
DATE: December 31, 2020

ORDER 

As new and relevant evidence sufficient to readjudicate the previously denied claim for service connection for a back disorder has been received, the application is granted. 

REMANDED

Entitlement to service connection for sleep apnea, to include as secondary to service-connected post-traumatic stress disorder (PTSD), is remanded.

Entitlement to service connection for a back disorder is remanded.

Entitlement to service connection for a gastrointestinal disorder, to include irritable bowel syndrome (claimed as due to Gulf War Syndrome) is remanded.

FINDINGS OF FACT 

1. In an August 2014 rating decision, the Regional Office (RO) denied service connection for a back disorder; the Veteran did not appeal this decision and it became final. 

2. New evidence was received after the August 2014 denial that is relevant to the issue of entitlement to service connection for a back disorder. 

CONCLUSIONS OF LAW 

1. The August 2014 rating decision that denied entitlement to service connection for a back disorder is final. 38 U.S.C. § 7105(c); 38 C.F.R. § 20.1103.

2. New and relevant evidence has been received sufficient to readjudicate the claim for entitlement to service connection for a back disorder. 38 U.S.C. §§ 101(35), 5108; 38 C.F.R. § 3.2501. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served with the United States Army from January 2003 to April 2004, October 2004 to January 2006, and from June 2007 to August 2008. 

The rating decision on appeal was issued in September 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the February 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) September 2019 decision on appeal. 38 C.F.R. § 20.301.

New and Relevant Evidence

New and relevant evidence for service connection for a back disorder.

VA will readjudicate a claim if new and relevant evidence is presented or secured. 38 C.F.R. § 3.156(d). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. Id.  

The Veteran’s claim was denied in an August 2014 rating decision. The Agency of Original Jurisdiction (AOJ) denied the Veteran’s claim for service connection for a back disorder because the evidence of record failed to confirm the existence of a disability that could be linked to active duty service. See August 2014 Rating Decision. The Veteran did not appeal the decision or submit new evidence within one year of the denial; therefore, the August 2014 decision became final. 

Since that final decision, the Board finds new and relevant evidence has been received. Specifically, the Veteran’s November 2015 treatment record provides evidence of a diagnosis for a back strain. See December 2018 CAPRI p. 73. This treatment record was not already of record and may prove or disprove the current disability and nexus element of the claim for service connection for a back disorder. Thus, readjudication of the claim is warranted.

REASONS FOR REMAND

Although the Board regrets the additional delay, remand is required to correct pre-decisional errors related to the remaining claims.

Entitlement to service connection for sleep apnea to include secondary service connection to service-connected PTSD is remanded.

On his August 2018 claim, the Veteran expressed that his sleep apnea is secondary to his service-connected PTSD. 

The Veteran was afforded a VA examination in May 2019. The examiner concluded the Veteran’s sleep apnea was less likely than not related to Gulf War service. The examiner reasoned that the Veteran’s sleep apnea was due to enlarged tonsils, which was a known etiology. Therefore, no nexus could be established. See May 2019 Medical Opinion. 

When VA undertakes to provide a VA examination or obtain a medical opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Here, the examiner failed to an offer an opinion regarding secondary service connection causation or aggravation and did not provide a complete rationale. The failure to afford an adequate examination constitutes a pre-decisional duty to assist error. Therefore, remand is required to obtain an addendum opinion. 

Entitlement to service connection for a back disorder is remanded.

The Board finds there is insufficient medical evidence to adjudicate the Veteran’s claim for service connection for a back disorder. 

The VA must provide a medical examination when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, (2) evidence establishing that an event, injury, or disease occurred in service, or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the veteran’s service or with another service-connected disability, but (4) there is insufficient competent medical evidence on file for the Secretary to make a decision on the claim. McLendon v. Nicholson, 20 Vet. App. 79 (2006); see also 38 U.S.C. § 5103(d)(2), 38 C.F.R. § 3.159(c)(4)(i). The third prong, which requires that the evidence of record “indicate” that the claimed disability or symptoms “may be” associated with the established event, is a low threshold. McLendon, 20 Vet. App. at 83.  

Here, the Board finds that a VA examination is required because the Veteran’s claim fulfills the McLendon elements. First, the Veteran has a diagnosis for a back strain from November 2015. See December 2018 CAPRI p. 73. Second, the Veteran reported while participating in active duty training, he was bounced around in a military vehicle his back hit the metal of the vehicles opening multiple times. See October 2015 CAPRI p. 20. Additionally, on his post deployment examination, the Veteran reported back pain as a deployment related condition. See December 2018 Medical Treatment Record p. 180. Lastly, the Veteran contends his back problem is related to active duty military service. See October 2015 CAPRI p. 20. Further, there is insufficient competent medical evidence on the file to make a decision on the claim. Therefore, a VA examination is warranted. 

Entitlement to service connection for a gastrointestinal disorder, to include irritable bowel syndrome (claimed as due to Gulf War Syndrome) is remanded. 

The Veteran contends that he is entitled to service connection for a gastrointestinal disorder—namely irritable bowel syndrome—due to his Gulf War service.

The Veteran was afforded a VA examination in May 2019, at which time the examiner indicated that a diagnosis of irritable bowel syndrome, or other gastrointestinal disorder, was not warranted. See May 2019 Medical Opinion.

However, the Veteran has reported chronic stool incontinence since service. He was assessed with fecal incontinence. See April 2012 VA Gastroenterology Note. These complaints were reiterated at the May 2019 VA examination.

The Board notes that pursuant to Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018), VA must consider whether the Veteran’s gastrointestinal symptoms "reach the level of a functional impairment of earning capacity” to qualify as a disability. Id. at 1367-69. In addition, the Board notes that the Veteran served in Southwest Asia and the provisions of 38 C.F.R. § 3.317 relating to undiagnosed illnesses are applicable. 

The Board cannot make a fully-informed decision on the issue of service connection for a gastrointestinal disability because the VA examiner did not fully assess whether the Veteran’s gastrointestinal symptoms are related to service. In addition, the examiner did not fully address the criteria of 38 C.F.R. § 3.317—while the examiner indicated that a diagnosis of IBS was not warranted, it is unclear as to whether the Veteran’s gastrointestinal complaints otherwise constitute an undiagnosed illness or other qualifying chronic disability.

Again, when VA undertakes to provide a VA examination or obtain a medical opinion, it must ensure that the examination or opinion is adequate. Barr, 21 Vet. App. 312. Therefore, remand is required to provide an adequate examination and opinion. 

The matters are REMANDED for the following action:

1. Obtain an addendum VA medical opinion for the Veteran’s sleep apnea. If deemed necessary by the examiner, afford the Veteran a VA examination. 

The claims file should be made available to the clinician for review. Following review of the record, the clinician should respond to the following: 

Is it at least as likely as not (50 percent probability or greater) that the Veteran’s current obstructive sleep apnea was 1) incurred in, aggravated by, or is otherwise etiologically related to his active duty service; or 2) caused by or aggravated (increased in severity) by his service-connected PTSD? 

A detailed explanation (rationale) is requested for all opinions provided, citing to supporting clinical data and/or medical literature, as appropriate. 

(Providing an opinion or conclusion without a thorough explanation will delay processing of the claim or may also result in a clarification opinion being requested). 

2. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of the Veteran’s back disorder. The claims file should be made available to the examiner in conjunction with the examination. After conducting any medically indicated tests necessary, and after eliciting a full history of the Veteran’s disabilities from the Veteran, the examiner should respond to the following: 

Is it at least as likely as not (at least a 50 percent probability) that the Veteran’s back disorder had its onset in service, or within one year of discharge from service, or is otherwise is etiologically related to service? 

The examiner should consider the Veteran’s report while participating in active duty training, he was bounced around in a military vehicle his back hit the metal of the vehicle’s opening multiple times. See October 2015 CAPRI p. 20. Additionally, the examiner should address, that the Veteran reported back pain as a deployment related condition. See December 2018 Medical Treatment Record p. 180.

A detailed explanation (rationale) is requested for all opinions provided, citing to supporting clinical data and/or medical literature, as appropriate. 

3. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of the claimed gastrointestinal disorder. The record, to include a complete copy of this remand, must be made available to the examiner. All indicated tests and studies should be accomplished (with all findings made available to the requesting examiner prior to the completion of his or her report), and all clinical findings should be reported in detail. 

(A) The examiner should conduct a comprehensive examination, and provide details about the onset, frequency, duration, and severity of all gastrointestinal symptoms claimed to be associated with an undiagnosed illness.

(B) The examiner should specifically state whether the Veteran's gastrointestinal symptoms are attributed to known clinical diagnoses. 

(C) The examiner should render an opinion as to whether it is at least as likely as not (at least a 50 percent probability) that any functional gastrointestinal impairment is had its onset in or is otherwise related to the Veteran's service, to include his service in the Persian Gulf War and his report of gastrointestinal symptoms beginning in service.

(D) If any gastrointestinal symptoms have not been determined to be associated with a known clinical diagnosis, the examiner should indicate whether the Veteran has objective indications of a chronic disability resulting from an undiagnosed illness, as established by history, physical examination, and laboratory tests, that has either (1) existed for 6 months or more, or (2) exhibited intermittent episodes of improvement and worsening over a 6-month period. 

(E) The examiner should offer an opinion as to whether it is at least as likely as not that the Veteran's gastrointestinal symptoms of represent a "medically unexplained chronic multi-symptom illness." Such is defined as a diagnosed illness without conclusive pathophysiology or etiology that is characterized by overlapping symptoms and signs and has features such as fatigue, pain, disability out of proportion to physical findings, and inconsistent demonstration of laboratory abnormalities. 

In offering such opinions, the examiner must consider and discuss the lay statements of record regarding the onset of the Veteran's symptoms and the continuity of symptomatology.

A detailed explanation (rationale) is requested for all opinions provided, citing to supporting clinical data and/or medical literature, as appropriate. 

 

 

G. E. Wilkerson

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Emily A. Kotroco

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.